**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Aaron LOWDEN, Defendant–Appellant.**

**No. 89–2052.**

United States Court of Appeals, Tenth Circuit.

March 29, 1990.

214

Teresa E. Storch, Asst. Federal Defender, Albuquerque, N.M., for defendant-appellant.

Jim Murphy, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Joe M. Romero, Jr., Asst. U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before MCKAY, ANDERSON and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Defendant-appellant Aaron Lowden was convicted of assault within Indian country, a violation of 18 U.S.C. § 1153, and sentenced to thirty months in prison, followed by two years of supervised release. He challenges both his conviction and his sentence.

I. PROPRIETY OF THE CONVICTION

█ During her closing argument, Lowden's counsel attacked the probative value of several admissions made by Lowden to Augustine Abeita, a criminal investigator for the Bureau of Indian Affairs, because the investigative reports were only summaries, not verbatim recordings, of Lowden's statements. *See* R.Vol. III at 165–66. She also told the jury that Jody Ray, the victim of the assault, was "a young man who drinks and has problems with his drinking" and "a young man who's quick to fight." *Id.* at 167–68.

During his rebuttal closing argument, the prosecuting attorney made the following statement:

"Ladies and gentlemen, during this closing argument that [d]efense counsel gave, she did what is commonly done by defense counsel when the facts aren't on their side and when the law isn't on their side. They put—"

*Id.* at 176.

At this point, defense counsel objected. At a meeting at the bench, the court told the prosecutor:

"I think you're entitled to point out that the argument made was made because there was a lack of facts or lack of law to support the other one's position. But, you know, to say things like it's a common tactic of defense lawyers, I think that is what's creating a problem, and so I'd like you to depersonalize it."

*Id.* at 177. The court then instructed the jury as follows:

"[T]he arguments of counsel may be helpful to you in helping you to recall what the evidence in the case was. But the arguments of counsel or statements of counsel are not in and of themselves evidence in the case and you're to rely on your own memory of what the testimony was and what the exhibits say as to what the evidence in the case actually is."

*Id.* at 178.

The prosecuting attorney then continued:

"Ladies and gentlemen, during the closing argument that you heard moments ago, there was reference made to the fact of some discrepancies in the reports that were made by Mr. Abeita and other law enforcement officials. There were references made to the fact that Jody Ray was drinking that day and that perhaps he's an alcoholic. Ladies and gentlemen, I suggest to you that these references were made to divert your attention from what this Defendant did, from who is on trial here. It is this Defendant who is on trial. Jody Ray is the victim in this case and the fact that he was drinking that day when he was stabbed does not mean that it's okay to stab somebody just because he was drinking.

And there were discrepancies and there always are discrepancies when hu-man beings are involved in making reports and in taking interviews. But as to the basic facts that make up the charge in this case, there were no discrepancies."

*Id.*

Lowden contends that the prosecutor's initial remark prejudiced him by impugning the integrity of Lowden's counsel and implying that she believed him to be guilty, by referring to facts not in evidence, and by implying that the prosecuting attorney thought that Lowden was guilty. "[W]e will not overturn the verdict on this basis 'unless the misconduct "was enough to influence the jury to render a conviction on grounds beyond the admissible evidence presented."'" *United States v. Manriquez Arbizo,* 833 F.2d 244, 248 (10th Cir. 1987) (quoting *United States v. Espinosa,* 771 F.2d 1382, 1401 (10th Cir.) (quoting *United States v. Dickey,* 736 F.2d 571, 596 (10th Cir.1984), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985)), *cert. denied,* 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985)). Because the statement is not as rife with prejudice as Lowden contends, we affirm his conviction.

In *United States v. Dickey,* 736 F.2d 571 (10th Cir.1984), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985), and *Hopkinson v. Shillinger,* 866 F.2d 1185 (10th Cir.), *on reh'g en banc on other grounds,* 888 F.2d 1286 (10 Cir.1989); the prosecution's closing argument included a statement quite similar to the remark made in this case. The *Dickey* prosecutor said:

"From defense attorneys here or defense attorneys a block south of here in the state courthouse, you hear the same. Whether it is the State of Oklahoma against a defendant or the United States of America against a defendant. I have yet to hear a defense attorney stand here and say my client is guilty. They have a great deal of common [sic]. *They behave a great deal alike in their arguments and some of the rules are these. If the law is against you argue the facts. Now, if the facts are against you you argue the law. But if they both are*

*against you try the prosecution.* Let's try somebody else."

*United States v. Dickey,* 736 F.2d at 592 (emphasis added). The *Hopkinson* prosecutor said:

"*It is always, ladies and gentlemen, the ploy of skilled defense attorneys to attack the State* and the best defense is sometimes a good offense. The State prostituted itself. Now, we need to look at this matter in retrospect and to judge what was done."

*Hopkinson v. Shillinger,* 866 F.2d at 1208 (emphasis added). In both cases, this court held that these comments could not have influenced the jury to render a conviction on improper grounds. *Id.* at 1210-11; *United States v. Dickey,* 736 F.2d at 596.[1]

In *Manriquez Arbizo,* the prosecutor's closing argument included an explicit statement of things the statement in this case is alleged merely to have implied. The defendant was charged with distributing marijuana. Referring to the cross-examination of someone who, according to the government, just transported marijuana for the defendant, the prosecutor said:

"[I]t's interesting to note that [defense counsel] in cross[-]examination of Mr. Paul, said you're a hauler of marijuana.

It seems to me that her question to Paul seemed to give—*at least she had it in her mind that he wasn't the source of marijuana, he was the hauler of marijuana.*"

*United States v. Manriquez Arbizo,* 833 F.2d at 247 (emphasis added). This court said that "referring to what defense counsel must have been thinking ... was clearly inappropriate," *id.,* but that, even

though no instruction to dissipate the effect of the statement was given immediately after it was made,[2]

"the prosecutor's comment was not so egregious as to influence the jury to convict Arvizo on evidence not in the record. The comment was singular and isolated. Further, the government put on substantial independent evidence of Arbizo's guilt and the trial court instructed the jury that the attorneys' arguments were not to be considered as evidence."

*Id.* at 248 (citation omitted).

■ Similarly, the comment at issue here, as inartful as it may have been, did not have the effect which Lowden ascribes to it. It became clear as the prosecuting attorney completed his presentation that his initial comment referred solely to defense counsel's critiques of Abeita and Ray. Of course, the fact that the prosecutor was responding to defense counsel's closing argument did not give him carte blanche to make improper statements. *United States v. Latimer,* 511 F.2d 498, 503 (10th Cir.1975). But the fact that the statement was part of a response and not part of a general attack on defense counsel lessened its effect. *See Hopkinson v. Shillinger,* 866 F.2d at 1210-11 (citing *United States v. Young,* 470 U.S. 1, 12, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985)). Any harm which may have been caused by the ill-worded introductory sentence was undone by the timely instruction on the limited meaning of arguments by counsel. *See United States v. Espinosa,* 771 F.2d at 1401 (citing, e.g., *Devine v. United States,* 403 F.2d 93, 96 (10th Cir.1968), *cert. de-*

---

1. Lowden correctly points out that the statement in *Dickey* was reviewed only for plain error, because no objection was made at trial. *See United States v. Dickey,* 736 F.2d at 596. Also, *Hopkinson* came to this court on a writ of habeas corpus, rather than direct review. *See Hopkinson v. Shillinger,* 866 F.2d at 1191. But the above-quoted passages were parts of much longer and more aspersive philippics against defense counsel. *See id.* at 1208-09; *United States v. Dickey,* 736 F.2d at 592-93. While the comment in this case is subject to a stricter standard of review, it also was less inflammatory. Just as the arguments discussed above were

not reversible errors, the argument in this case, where the contested comment was but an isolated remark, is not grounds for reversal. Moreover, because no objections were lodged to the above-quoted statements, they were never specifically dealt with in a jury instruction. In this case, the jury was instructed immediately after the statement on its value *vel non.*

2. In fact, the trial court overruled defense counsel's objection, saying "This is a proper final argument." *Manriquez Arbizo,* 833 F.2d at 247. This might have even heightened the stature of the comment in the minds of the jurors.

*nied*, 394 U.S. 1003, 89 S.Ct. 1599, 22 L.Ed.2d 780 (1969)).[3] "The prosecutor's remarks, in our judgment, could not have substantially swayed the jury in assessing the verdict, so as to 'affect the substantial rights of the accused.'" *United States v. Haskins*, 737 F.2d 844, 850 (10th Cir.1984) (quoting *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 631, 79 L.Ed. 1314 (1935)). Because Lowden was not prejudiced, his conviction is affirmed.

## II. PROPRIETY OF THE SENTENCE

A number of circumstances surrounding the crime were thought by Lowden to justify a downward departure by the court from the range of sentences prescribed by the sentencing guidelines.[4] At the sentencing hearing, the court stated:

"I have considered at some length the motion to depart from the sentencing guidelines and feel that it does not state the grounds on which I could depart from the guidelines and I will therefore deny the motion.

I am very much concerned, of course, about the circumstances under which, the crime of which Mr. Lowden was convicted took place.... I'm afraid, however, that I simply cannot use that circumstance as a basis for departing below the guidelines that have been proscribed [sic] for the Court.

. . . .

... I believe that it is simply a matter of interpreting the guidelines and I don't believe that there's anything that I've seen in the motion that would justify my departure below the guidelines in this instance."

R.Vol. IV at 17, 21.

■ The parties are sharply divided over what the court meant when it said that there were no grounds upon which a downward departure could be made. Lowden interprets the statement to mean that the court thought itself powerless to depart based upon the proffered circumstances. In that case our review would be plenary. *United States v. White*, 893 F.2d 276, 278 (10th Cir.1990). The government contends that the court considered the facts, and decided that they did not warrant a departure. Such a refusal to depart would be a different matter. *See id.* Counsel for both parties conceded at oral argument that if we considered the trial court's explanation to be ambiguous, some further explication by the district court would be in order.

■ The reasoning behind a court's departure decision should be clearly stated. "[W]e will not speculate as to what those considerations may have been." *Id.* "Without particularization by the trial court of its reasons ..., this court cannot engage in ... meaningful review...." *United States v. Smith*, 888 F.2d 720, 724 (10th Cir.1989). As the First Circuit stated when faced with the same problem:

"After reading the sentencing hearing transcript, we are unable to decide definitively between these differing assessments of the district court's view of its own discretion....

In light of this ambiguity, we feel that the best course is for us to retain appellate jurisdiction and to ask the district court for clarification of its own decision-making process."

*United States v. Russell*, 870 F.2d 18, 20, 21 (1st Cir.1989). The clerk of this court will transmit this opinion to the district court, with a request that it inform us

---

**3.** Also, Lowden's claims of prejudice are based solely upon inferences which purportedly arose from the opening remark. We will not read improper meaning into a prosecutor's closing argument "unless it '"was manifestly intended or was of such character that the jury would naturally and necessarily take it to"'" have that meaning. *United States v. Espinosa*, 771 F.2d at 1402 (quoting *United States v. Bennett*, 542 F.2d 63, 64 (10th Cir.1976) (quoting *Knowles v. United States*, 224 F.2d 168, 170 (10th Cir.1955)), *cert. denied*, 429 U.S. 1048, 97 S.Ct. 757, 50

L.Ed.2d 763 (1977)); *see, e.g., Hopkinson v. Shillinger*, 866 F.2d at 1205. This is not such a case.

**4.** United States Sentencing Commission, *Guidelines Manual* (Nov.1989). The issues raised in Lowden's challenge to the constitutionality of the guidelines were resolved in the government's favor in *United States v. Thomas*, 884 F.2d 540, 542–44 (10th Cir.1989). We see no need to revisit the question.

whether or not it thought that it had the power to make a downward departure based upon the circumstances proffered by Lowden.

Lowden's conviction is AFFIRMED. The clerk is instructed to transmit this opinion to the district court. We retain appellate jurisdiction.