**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Aaron LOWDEN, Defendant–Appellant.**

No. 89–2052.

United States Court of Appeals,
Tenth Circuit.

June 20, 1990.

Theresa E. Storch, Asst. Federal Defender, Albuquerque, N.M., for defendant-appellant.

Jim Murphy, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Joe M. Romero, Jr., Asst. U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before McKAY, ANDERSON and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

■ Aaron Lowden's conviction was affirmed the first time we considered this case. *United States v. Lowden*, 900 F.2d 213, 217 (10th Cir.1990). He also challenged the district court's decision not to depart downward from the range of sentences prescribed by the sentencing guidelines. Because it was not clear from the record whether the district court declined to depart because it thought itself powerless to do so or because it felt that the facts simply did not warrant it,[1] we deferred our review of the sentence until the trial court "inform[ed] us whether or not it thought it had the power to make a downward departure based upon the circumstances proffered by Lowden." *Id.* at 217–

18. We have received the district court's elucidation of the sentence.

■ Regarding six of the seven reasons which Lowden thought merited departure, the court informs us that it believed that it had the power to depart, but it declined to do so. Such decisions are not reviewable. *United States v. Richardson*, 901 F.2d 867, 869–70 (10th Cir.1990); *United States v. Davis*, 900 F.2d 1524, 1528 (10th Cir.1990).

■ Regarding one issue, the court informs us that it thought itself powerless to depart, i.e., that the matter was not " 'an aggravating or mitigating circumstance of a kind, or to a degree[,] not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " United States Sentencing Commission, *Guidelines Manual* § 5K2.0, p.s. (Nov.1989) (quoting 18 U.S.C. § 3553(b)). We have jurisdiction to review this decision because a sentence imposed within the guideline range only because the court erroneously believed that the guidelines did not permit a downward departure is a sentence "imposed as a result of an incorrect application of the sentencing guidelines," 18 U.S.C. § 3742(a)(2). *United States v. Davis*, 900 F.2d at 1530 n. 7; *accord United States v. Ortez*, 902 F.2d 61 (D.C.Cir. 1990); *United States v. Rosen*, 896 F.2d 789, 792 (3d Cir.1990); *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989); *United States v. Russell*, 870 F.2d 18, 21 (1st Cir.1989). *Contra United States v. Franz*, 886 F.2d 973, 980–81 (7th Cir.1989) (a refusal to depart cannot be appealed pursuant to 18 U.S.C. § 3742(a)(2) because

---

**1.** The court stated that Lowden's motion to depart "does not state the grounds on which I could depart from the guidelines and I will therefore deny the motion. [¶] I am very much concerned, of course, about the circumstances under which the crime of which Mr. Lowden was convicted took place.... *I'm afraid, however, that I simply cannot use that circumstance as a basis for departing below the guidelines....*"

*United States v. Lowden*, 900 F.2d at 217 (emphasis added).

The ambiguity about why the motion was denied overcame "our usual presumption ... that a district court is aware of the law that it is called upon to apply." *United States v. Russell*,

870 F.2d 18, 20 (1st Cir.1989). We presume that refusals to depart are knowing exercises of the district court's discretion. The court's statement of "the reasons for its imposition of the particular sentence" required by 18 U.S.C. § 3553(c) need not include the reasons for denying a request for departure.

However, when the district court elaborates upon its denial of the departure request as it did here, we must be able to determine whether the court is exercising its discretion not to depart, or believes that it lacks any discretion to depart. That is what we meant when we stated earlier that "[t]he reasoning behind a court's departure decision should be clearly stated," *United States v. Lowden*, 900 F.2d at 217.

departure involves policy statements rather than guidelines); *United States v. Colon,* 884 F.2d 1550, 1554–55 (2d Cir.) (18 U.S.C. § 3742(a)(2) allows appeal "only for claims that a sentence was incorrectly calculated or was based on clearly erroneous factual findings"), *cert. denied,* —— U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *United States v. Buenrostro,* 868 F.2d 135, 139 (5th Cir.1989) (denial of a departure request does not "involve any application of the guidelines"), *cert. denied,* —— U.S. ——, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

■ The district court believed that it could not base a departure on the prevalence of alcohol abuse on Indian reservations.[2] Our review is plenary.[3] *United States v. Lowden,* 900 F.2d at 217; *see United States v. Smith,* 888 F.2d 720, 723 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990).

Alcohol abuse is not a proper ground for departure. U.S.S.G. § 5H1.4, p.s.; *see also* U.S.S.G. § 5K2.13, p.s. (diminished capacity *not* caused by intoxication may warrant a departure). Race is never relevant to a sentencing determination. U.S.S.G. § 5H1.10, p.s.; *see also* 28 U.S.C. § 994(d) (sentences shall be "entirely neutral as to the race ... of offenders"). Therefore, the district court correctly refused to depart based upon the prevalence of alcohol abuse on Indian reservations.

The judgment of the district court is AFFIRMED.

The motion to file a supplemental brief is denied.

2. Both the defendant and the victim are Indians, and both were intoxicated when the crime occurred.

3. This argument was almost waived by the defendant. The statement of the case in Lowden's brief lists the five factors for which Lowden sought a departure, *see* Brief of Appellant at 9–10, but the discussion later in the brief only mentions the four other than the prevalence of alcohol abuse on Indian reservations, *see id.* at 18–19. Moreover, the brief presents no specific argument regarding whether or not this circumstance was adequately considered by the Sentencing Commission. The question is very close, but we will not construe the brief as having waived the argument that the district court should have departed on this ground.