936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Fernando SEPULVEDA-GOMEZ, Defendant-Appellant.
 No. 90-2091.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before STEPHEN H. ANDERSON, SETH and EBEL, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Appellant pled guilty to possession of more than 50 kilograms of marijuana with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and 21 U.S.C. Sec. 841(b)(1)(C). At the time of the offense, appellant was returning from Mexico on a family visit. Before leaving Mexico, however, appellant had received an offer, which he accepted, to transport the marijuana across the border into the United States. Thereafter, appellant was apprehended by Customs Inspectors.
 
 
 3
 Appellant's offense level was determined to be 24. This, coupled with his criminal history category of I, led to a sentence of between 51 and 63 months in prison. At the sentencing hearing, appellant and his attorney requested that the district court depart downward to reflect the fact that appellant had a family and, especially, that the conviction could result in appellant's deportation because of his resident alien status. In response, the district court stated that
 
 
 4
 I am sorry if I can't go along with your recommendation, your perception. If I did that in this case, as you can see, I would have to do it in every case that came here. I just can't do it.
 
 
 5
 The district court sentenced appellant to the minimum of 51 months, and this appeal followed. Appellant argues that the district court believed that it did not have discretion under the Sentencing Guidelines to depart downward because of appellant's potential deportation--allegedly a "factor[ ] not taken into consideration by the Guidelines." See Appellant's Br. at 4. We disagree with appellant, and affirm the district court.
 
 
 6
 Appellant avers that the district court was in error because its "remark[s] indicate[ ] that the judge believed he lacked the authority to depart below [the] guideline range on the grounds [appellant] presented." Id. at 6. In fact, the district court did lack the authority to depart downward in consideration of appellant's possible deportation. This court has recently ruled that
 
 
 7
 [b]ecause Congress clearly reserved drug-related deportation decisions to the Attorney General, see [8 U.S.C.] Sec. 1251(a)-(b), a sentencing court shall not consider the possible deportation of an alien resident for a drug conviction in deciding whether to depart downward from the sentencing guidelines.
 
 
 8
 See United States v. Soto, 918 F.2d 882, 885 (10th Cir.1990). Therefore, the district court was correct in its holding that it could not "go along with [appellant's] recommendation."
 
 
 9
 We also find support for this conclusion in the Sentencing Guidelines itself, which finds consideration of race and national origin "not relevant in the determination of a sentence," United States Sentencing Commission Guidelines Manual at Sec. 5H1.10, and which states that "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines." Id. at Sec. 5H1.6.
 
 
 10
 Finally, we see no indication that appellant's case falls under the very limited rule of United States v. Lowden, 905 F.2d 1448 (10th Cir.), cert. denied, 111 S.Ct. 206 (1990); United States v. Davis, 900 F.2d 1524 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990); and United States v. Lowden, 900 F.2d 213 (10th Cir.1990). The district court in this case did not demonstrate an erroneous belief that it could not depart downward. Instead, the district court simply disagreed with appellant's perception that his circumstances warranted such a departure. Thus, the district court properly exercised its discretion, and we will not review that decision on appeal.
 
 
 11
 The district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3