936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis WEAVER, Defendant-Appellant.
 No. 90-1262.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Curtis Weaver appeals the sentence imposed upon him after his guilty plea to a charge of possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The district court properly calculated the sentencing range applicable to his crime and sentenced him to the minimum amount of incarceration under the range, twenty-seven months. Defendant's only argument on appeal is that reversal for resentencing is necessary because the district court acted under an erroneous belief that it did not have discretion to depart downward from the sentencing range.
 
 
 3
 Defendant's argument is based on statements made by the district court during defendant's sentencing hearing. During that hearing, defense counsel pointed out that defendant suffered from a significant learning disability and came from an unstable childhood home. Counsel further highlighted defendant's rehabilitation efforts since his arrest, including substantial improvements in his family life and eight months of sobriety following years of alcoholism. Counsel concluded by asking the court to explain to defendant that despite these factors, probation simply was not a sentencing option under the guidelines. See III R. 13-14. In response the court stated:
 
 
 4
 Well, I think [defense counsel] is correct that the hands of judges have been tied in exceptional cases by the sentencing guidelines, which, while the offense is very serious, and the crime is very serious, the attitude that you have shown and the ability to build on a--to build a very bright future on a rather shaking passion [sic] that you have been demonstrating through sheer effort and discipline, with the help of apparently a wonderful wife, was one that would have, had the law been as it was just a few years ago, made this a case where I could consider probation, but I can't consider that. The Congress won't let me do that. I don't like that, and, in fact, I held it was unconstitutional but the Supreme Court of the United States didn't agree with me. So all I can do is impose a sentence that's required in this case.
 
 
 5
 III R. 15.
 
 
 6
 It is the law of this circuit that a discretionary refusal of the district court to depart downward below the sentencing guidelines is not appealable or reviewable. See, e.g., United States v. Adams, 914 F.2d 1404, 1409 (10th Cir.), cert. denied, 111 S.Ct. 588 (1990). But we will remand if we believe the district court has misapprehended its power to depart, see United States v. Maldonado-Campos, 920 F.2d 714, 718 (10th Cir.1990). Also, if we are in doubt as to whether the court understood its authority to depart downward, we will remand to the district court for clarification. See United States v. Lowden, 900 F.2d 213, 217-18 (10th Cir.), cert. denied, 111 S.Ct. 206 (1990).
 
 
 7
 A district court undoubtedly may depart downward if it finds certain extraordinary circumstances are present. See, e.g., United States v. Pena, 930 F.2d 1486, 1496 (10th Cir.1991) (upholding district court's decision to depart downward based on defendant's "long employment history, the abberational nature of her conduct, and the fact that two infants would be deprived of support if she were incarcerated"); United States v. Sklar, 920 F.2d 107, 116 (1st Cir.1990) (downward departure might be warranted by defendant's rehabilitation between arrest and sentencing if so extraordinary as to not have been taken into account by guidelines); United States v. Deigert, 916 F.2d 916, 918-19 (4th Cir.1990) (defendant's tragic personal background and family history would support downward departure if circumstances were extraordinary). Our review of the record, however, convinces us that the instant district court understood that it possessed such power.
 
 
 8
 Taken in context, the court's statement that its hands were tied by the guidelines does not suggest a misunderstanding of its departure powers. The court was simply responding to trial counsel's request that it inform defendant that probation was not a sentencing alternative in the instant case. Any doubts about this are resolved by the following question the court asked defendant before accepting his guilty plea: "Do you understand that after it's been determined what guideliens [sic] apply to a case, the judge has the authority, in some circumstances, to impose a sentence that's more severe or less severe than the sentence called for by the guidelines?" II R. 15.
 
 
 9
 Accordingly, defendant's sentence is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3