962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee
v.
Kim GIBIAN, Defendant/Appellant.
 No. 91-50557.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 11, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and CAULFIELD** District Judge, sitting by designation.
 
 
 2
 MEMORANDUM***
 
 
 3
 Kim Gibian appeals from the imposition of a thirty-three month custodial sentence following his conviction by guilty plea for violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Gibian contends that the district court erred by failing to exercise its discretion to depart below the applicable guideline range. We find that the district court did in fact exercise its discretion. The decision not to depart from the guidelines is unappealable, and we dismiss.
 
 Jurisdiction
 
 4
 The district court had jurisdiction under 18 U.S.C. § 3231 as the underlying offense was committed in the Southern District of California. This court has jurisdiction pursuant to 28 U.S.C. Section 1291.
 
 Facts
 
 5
 Appellant was charged on January 4, 1991, with conspiracy to possess marijuana with intent to distribute. On March 5, 1991, appellant pled guilty to a superseding information charging appellant with having violated 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, aiding and abetting possession of approximately 83 kilograms of marijuana. At the sentencing hearing, appellant's attorney moved the court to depart downward pursuant to the United States Sentencing Commission, Guidelines Manual, § 5H1.4 (1990)[1] on the basis of a medical condition known as the Epstein-Barr virus, and instead of imprisonment sentence appellant to a term of probation in a halfway house for whatever length of time the court deemed appropriate. The district court did not depart downward from the Guidelines and on May 28, 1990, sentenced Gibian to a thirty-three month term of imprisonment.
 
 DISCUSSION
 
 6
 The district court's discretionary decision not to depart downward from the Guidelines is not subject to review on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). However, "[i]f the district court believes that it has no discretion, there is an error of law which we are able to review." United States v. Cook, 938 F.2d 149 (9th Cir.1991). Appellant claims that the district court failed to exercise its discretion with regard to § 5H1.4 because it mistakenly felt constrained by the guidelines. As such, appellant contends that the case should be remanded for reconsideration of the sentence. See United States v. Lowdon, 900 F.2d 213 (10th Cir.1990); United States v. Jefferson, 925 F.2d 1242 (10th Cir.1991); United States v. Deigert, 916 F.2d 916 (4th Cir.1990).
 
 
 7
 There is no basis for appellant's argument. Although the court did not expressly acknowledge its discretion to depart downward when it imposed the sentence, there is no requirement that the court do so. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991). Unlike the district court in Cook, the court did not state that it had "no alternative." 983 F.2d at 151. Moreover, any inference that the court did not recognize its authority to depart downward is unsupported by the record.[2] Defense counsel advised the court that it had the authority to impose a probationary sentence in this case and urged that the court exercise its discretion by imposing a halfway house commitment. The government did not contest the court's authority to depart downward, but stated "I would leave it to your honor's discretion."
 
 
 8
 The court then imposed sentence by stating, "I think that the appropriate sentence here is custody, and I'm going to sentence him for 33 months." Although the district court did not explicitly rule on its authority to depart downward, the record clearly indicates that the court considered § 5H1.4. "Under these circumstances we will assume that the district court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." Garcia-Garcia, 927 F.2d at 491. The sentence imposed is within the applicable guideline range, and the court's failure to depart is not appealable on that basis. Accordingly, the case is DISMISSED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 The Honorable Barbara A. Caulfield, District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except a provided by Ninth Circuit Rule 36-3
 
 
 [1]
 § 5H1.4 provides in relevant part:
 Physical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall. However, an extraordinary physical impairment may be reason to impose a sentence other than imprisonment.
 
 
 [2]
 During the sentencing hearing, the district court stated that although Mr. Gibian has a serious malady, "one has to think of these things when one commits crimes, and that's why we have the guidelines." Contrary to appellant's assertions, such statement does not indicate that the court felt restrained by the sentence prescribed by the guidelines, nor does such statement create any ambiguity in this regard