19 F.3d 1444
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis FERREL, Defendant-Appellant.
 No. 93-1155.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 25, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and MCKAY, Circuit Judges, and SEAY, District Judge.[2]
 
 KELLY
 
 2
 Defendant-appellant Luis Ferrel appeals from the district court's failure to depart downward from the Sentencing Guidelines. Mr. Ferrel was convicted of conspiracy to possess with the intent to distribute cocaine under 21 U.S.C. 841(a)(1). We have jurisdiction under 28 U.S.C. 1291 and 18 U.S.C. 3742(a) and we affirm.
 
 
 3
 The parties are familiar with the facts and issues presented by this appeal and we will not state them here. The district court refused to grant a downward departure under U.S.S.G. 5K1.1 because it believed it lacked the power to do so in the absence of a motion for such departure by the government.
 
 
 4
 We review de novo the district court's interpretation that a particular sentencing guideline does not permit a downward departure. United States v. Lowden, 900 F.2d 213, 217 (10th Cir.1990). Under 5K1.1 of the Sentencing Guidelines, while the government may seek a downward departure for a defendant's cooperation, such power or discretion is not given to the court imposing sentence. United States v. Long, 936 F.2d 482, 483 (10th Cir.), cert, denied, 112 S.Ct. 662 (1991). A court possesses the power to review the government's actions if the government promised in a plea agreement that it would seek such departure, United States v. Kelley, 956 F.2d 748, 755 (8th Cir.1992), or if the government fails to move for departure for unconstitutional reasons. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992). Neither occurred here.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 The Honorable Frank H. Seay, Chief United States District Judge for the Eastern District of Oklahoma, sitting by designation