21 F.3d 1123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Dwight TAYLOR, Defendant-Appellant.
 No. 93-6289.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Troy Dwight Taylor appeals from the sentence imposed pursuant to his guilty plea entered on June 9, 1993. Defendant, a federal prison inmate who was serving a ninety-two month sentence when he was charged with the instant offense, pleaded guilty to conspiracy to commit bribery of a public official, 18 U.S.C. 371. The district court sentenced Defendant to fifteen months imprisonment to run consecutive to Defendant's ninety-two month sentence. We have jurisdiction pursuant to 18 U.S.C. 3742(a).
 
 
 2
 On appeal, Defendant claims we should remand for resentencing to ascertain whether the district court knew it had the authority to depart downward from the guidelines-recommended consecutive sentence and instead impose a concurrent sentence. Defendant also claims, and the government agrees, that the case should be remanded to correct a clerical error in the judgment.
 
 
 3
 We have no jurisdiction to review a district court's discretionary refusal to depart downward. United States v. Fox, 930 F.2d 820, 824 (10th Cir.1991). However, we will review the court's decision if the court erroneously believed it lacked the authority to depart downward. Id. We presume that the district court is "aware of the law that it is called upon to apply," United States v. Lowden, 905 F.2d 1448, 1449 n. 1 (10th Cir.), cert. denied, 498 U.S. 876 (1990), and that the court's refusal to depart is a "knowing exercise[ ] of the district court's discretion." Id. If the court's statements regarding whether it believed it had the authority to depart are ambiguous, we will remand for a clarification. See Fox, 930 F.2d at 824; Lowden, 905 F.2d at 1449 n. 1.
 
 
 4
 In his objections to the presentence report, Defendant did not request a downward departure or a concurrent sentence. Furthermore, Defendant never made a motion for downward departure. At the sentencing hearing, Defendant himself pleaded for a concurrent sentence to which the district court replied inter alia:
 
 
 5
 I would feel better prepared to try and find a sentence that is fair after talking with [Defendant's case manager] and giving this a little more thought. You are certainly an articulate and intelligent man, and I appreciate what you have said.
 
 
 6
 After a brief recess, the court imposed a consecutive sentence.
 
 
 7
 We conclude Defendant is not entitled to a remand for clarification. First, we note that Defendant should have made a specific request for a downward departure. In any event, there is nothing in the record to indicate the district court believed it lacked the authority to depart downward and impose a concurrent sentence. To the contrary, the court indicated that it would consider Defendant's statements in determining the appropriate sentence. The court made no ambiguous statements indicating it may have believed it lacked the authority to depart downward. In the absence of ambiguity, we presume the court knew it had the authority to depart, see Lowden, 905 F.2d at 1449 n. 1, and a remand is not warranted. Cf. United States v. D'Iguillont, 979 F.2d 612, 615 (6th Cir.1992) ("A decision that sentences run consecutively is not one that requires reasons to be stated on the record"), cert. denied, 113 S.Ct. 1873 (1993).
 
 
 8
 As to the clerical error in the judgment, the presentence report correctly calculated Defendant's criminal history category as V. The district court adopted the presentence report, including the criminal history calculation. However, the judgment erroneously reflects Defendant's criminal history category as VI. Pursuant to Fed.R.Crim.P. 36, we remand for the district court to correct the clerical error.
 
 
 9
 Defendant's sentence is AFFIRMED, and the case is REMANDED for correction of a clerical error in the judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Oral argument was not requested