**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reginald Ladon SLOAN, Defendant–
Appellant.**

No. 94–6077.

United States Court of Appeals,
Tenth Circuit.

Sept. 13, 1995.

Leslie M. Maye, Assistant United States Attorney (Rozia McKinney Foster, U.S. Attorney, and Kim Taylor, Assistant U.S. Attorney, with her on the brief), Oklahoma City, OK, for plaintiff-appellee.

Joseph W. Strealy (Donald A. Herring of Schnetzler/Strealy, a professional corporation, with him on the brief), Oklahoma City, OK, for Reginald Ladon Sloan, defendant-appellant.

Before KELLY, Circuit Judge, GODBOLD, Senior Circuit Judge,* and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

In a 38–count superseding indictment, Reginald Ladon Sloan and six others were jointly charged in the United States District Court for the Western District of Oklahoma with various drug and drug related offenses. Two defendants pled guilty to one count and have not appealed their sentence. The remaining five defendants went to trial and all were convicted by a jury on various counts. Each has filed a separate appeal. We are here concerned with one defendant, Reginald Ladon Sloan (Sloan).

Sloan was convicted on four of the six charges against him and was sentenced to imprisonment for 188 months on three counts and 48 months on the fourth count, all to be served concurrently.[1] He now appeals his convictions and the sentences imposed thereon.

Sloan does not challenge the sufficiency of the evidence to support his four convictions. Accordingly, we need not recite in any detail the evidence adduced at trial. On appeal, Sloan asserts the following as error: (1) error by the district court in denying Sloan's motion for a new trial based on the government's failure to follow the district court's instructions relating to evidence of so-called "gang activity" by Sloan and others; (2) error by the district court in determining the total amount of cocaine attributable to Sloan to be 1.49 kilograms; and (3) error by the district court in refusing Sloan's request for a downward departure from the guideline range based on extraordinary circumstances concerning his "family ties and responsibilities and employment history." Finding no reversible error, we affirm.

## I. Gang Activity

■ Prior to trial, counsel, by motion, sought to prohibit the government from introducing any evidence that Sloan, and others, were engaged in "gang activity." The district court denied the motion, but did express concern about the matter and stated that the government could not introduce such line of testimony unless. it related to the essential elements of the crimes charged in the indictment. So, during the trial there was testimony relating to Sloan's gang membership, some of which was allowed, and some of which was excluded and the jury admonished to disregard. Counsel argues that the district court was lax in this regard and should have declared a mistrial, and, not having done so, should have granted Sloan's post-trial motion for a new trial. We disagree.

The government's evidence showed that these drug distributions in two housing projects in Oklahoma City were a part of the operation of two gangs which apparently had amicably divided up the territory. Gang membership under such circumstances was

* Honorable John C. Goldbold, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

1. Sloan's total offense level was 36 and his criminal history category was I, which sets a guideline range for imprisonment at 188 months to 235 months.

**154**

relevant and material to the crimes charged. This particular matter was considered in *United States v. Robinson,* 978 F.2d 1554 (10th Cir.1992), Judge Seth dissenting, where we spoke as follows:

> Gang membership helped to establish an agreement among the subjects, the purpose of the conspiracy and knowledge on the part of these defendants. We share the appellants' concern and reiterate that affiliation evidence alone could not support a conviction. However, as the government emphasized at oral argument, gang membership was but one piece of evidence.
>
>> 'An item of evidence, being but a single link in the chain of proof, need not prove conclusively the proposition for which it is offered.... It is enough if the item could reasonably show that a fact is slightly more probable than it would appear without that evidence.... A brick is not a wall.'
>
> *United States v. Porter,* 881 F.2d 878, 887 (10th Cir.) (quoting *McCormick on Evidence* § 185 (E. Cleary 3d ed. 1984) (footnotes omitted)), *cert. denied,* 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). The dissent misses this point altogether, arguing that " 'proof that a person fits the profile, unsupported by evidence of drug trafficking, proves nothing.' " Dissent at 1569–70 (quoting *United States v. Simpson,* 910 F.2d 154, 157 (4th Cir.1990). Here, there is ample evidence of drug trafficking in addition to the gang related items discovered at the apartment, which we conclude are not profile evidence in any event.

*Id.* at 1563.

In the instant case, the "gang activity" evidence was offered to prove the existence of a conspiracy and to show the basis of the relationship between the defendant and witnesses who participated in the drug distribution operation. As indicated, Sloan was acquitted on the conspiracy charges. Nonetheless, our review of the record supports the district court's determination that certain gang evidence was more probative than prejudicial and thus was properly admitted.

## II. Drug Quantity

The pre-sentence report in paragraph 30 set the total amount of cocaine base attributable to Sloan at 1.49 kilograms, which set his offense level at 36. Sloan filed objections to that determination, and others, asserting generally that evidence of any of his alleged drug dealings, not only for the so-called "other dealings" which the district court regarded as "relevant conduct," but also for the dealings which formed the basis for his four convictions, was unreliable and did not show a "minimum indicia of trustworthiness." The author of the pre-sentence report responded to all of Sloan's objections, and a hearing was held thereon. The district court accepted the recommendation of the probation department and set the amount of cocaine base attributable to Sloan at 1.49 kilograms. The record, in our view, supports such finding.

We review a district court's drug quantity determination under a clearly erroneous standard, and we will not disturb it unless it has no support in the record or unless we are firmly convinced that an error has been made. *United States v. Cook,* 949 F.2d 289, 296 (10th Cir.1991). The government has the burden of proving the quantity of drugs for sentencing purposes by a preponderance of the evidence. *United States v. Garcia,* 994 F.2d 1499, 1508 (10th Cir. 1993). In determining the quantity of drugs involved, the government is not limited to the amount of drugs involved for which a defendant was convicted, and a defendant is responsible for "all quantities ... with which he was directly involved and ... all reasonably foreseeable quantities ... that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B13, Comment, n. 2 (1993). The credibility of a witness whose testimony is relied upon at sentencing is for the sentencing court to determine. *United States v. Deninno,* 29 F.3d 572, 578 (10th Cir.1994). The information underlying an estimate of the amount of drugs attributable to a defendant must possess "a minimum indicia of trustworthiness." *United States v. Cook,* 949 F.2d 289, 296 (10th Cir.1991).

Our study of the present record leads us to conclude that the determination by the

district court of the quantity of cocaine base attributable under the guidelines to Sloan is not clearly erroneous.

### III.   Extraordinary Circumstances

 Counsel also asserts that the district court erred in refusing to make a downward departure from the guideline range based on "extraordinary circumstances," namely Sloan's employment record, the fact that he had no prior felony convictions and that he and his common law wife had an infant child.

There are provisions which allow a district court to depart from the guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." U.S.S.G. § 5K2.0. However, in the instant case, after hearing counsel, the district judge, recognizing that he had discretionary power to make a downward departure from the guideline range, stated that he thought a "downward departure is not appropriate in this case." In *United States v. Mendoza–Lopez,* 7 F.3d 1483, 1486 (10th Cir. 1993), we held that where a district court in the exercise of its discretion decides not to depart from the guideline range, an appellate court lacks jurisdiction to review that discretionary decision. To the same effect, *see United States v. Diggs,* 8 F.3d 1520, 1526 (10th Cir.1993).

Judgment affirmed.