81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan GARZA-DEL RIO, Defendant-Appellant.
 No. 95-3200.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Juan Garza-Del Rio entered a guilty plea to one count of illegal reentry by a deported alien, 8 U.S.C. 1326(b)(1). At the sentencing hearing, Appellant's counsel requested a downward departure from the guideline range under U.S.S.G. 5K2.0 for extraordinary family responsibilities. Such a departure was warranted, counsel argued, because Appellant's daughter, who lives in the United States, was suffering from thoracolumbar spina bifida, a serious disorder which required Appellant to assist his wife in caring for the child.[2] Although it was sympathetic to Appellant's situation, the district court declined to depart downward and sentenced Appellant to a 70 month term of imprisonment, the shortest possible sentence under the applicable guideline range.
 
 
 3
 On appeal, Appellant contends the district court erred in failing to depart downward from the guideline range. This Court has held, however, that a district court's discretionary refusal to depart below the applicable guideline range is not reviewable on appeal. See, e.g., United States v. Sloan, 65 F.3d 152, 155 (10th Cir.1995); United States v. Diggs, 8 F.3d 1520, 1526 (10th Cir.1993); United States v. Bromberg, 933 F.2d 895, 896 (10th Cir.1991). A refusal to depart downward is reviewable on appeal only when a sentence is imposed in violation of law or as a result of an incorrect application of the guidelines, see 18 U.S.C. 3742(a), or where it appears clearly from the record that the district court erroneously believed it lacked the authority to depart downward, see United States v. Lowden, 900 F.2d 213, 217-18 (10th Cir.), cert. denied, 498 U.S. 876 (1990). See also United States v. Fisher, 55 F.3d 481, 483 (10th Cir.1995) (district court's mistaken belief regarding its ability to depart downward constitutes "an incorrect application of the sentencing guidelines").
 
 
 4
 Appellant's contention that the sentence imposed resulted from an incorrect application of the guidelines is without merit. The record before us clearly indicates that the district court understood that it possessed the authority to depart downward from the guideline range. At the sentencing hearing, the district court made the following statement in connection with Appellant's downward departure request:
 
 
 5
 I cannot find the existence of [a circumstance not adequately considered by the guidelines] because the guideline framers have taken into consideration family ties and responsibilities under [U.S.S.G. 5H1.6]. I believe that they are saying that I have the--and I find that I have the authority under [section 5H1.6] when the guideline says that they're not ordinarily relevant, but its clear that--that is I have the authority to depart downward--but ... [it is] clear that the guidelines do consider or take into account family circumstances.
 
 
 6
 (R.O.A. Vol. II, Doc. 38, at 44-45. (emphasis added)) Unlike Appellant, we do not interpret the court's statement that the guidelines take family circumstances into account as an indication that the court believed it lacked the authority to depart downward. Rather, we believe the court was correctly stating the applicable law concerning family responsibility, see U.S.S.G. 5H1.6 ("Family ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.") (emphasis added), while expressing its understanding that it had discretion to determine whether a downward departure was warranted in this case. Cf. Bromberg, 933 F.2d at 897 ("The court's statement that a lower sentence would be contrary to 'the spirit' of the guidelines and would cause 'disparity' does not indicate that [the] court believed it was barred from considering whether the full departure was warranted."). Because we lack jurisdiction to review the district court's discretionary refusal to depart downward, Diggs, 8 F.3d at 1526, the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3
 
 
 [2]
 According to a physician's letter introduced at the sentencing hearing, Appellant's daughter is also suffering from severe kyphosis, an abnormal curvature of the spine. In addition, the daughter has bilateral dislocatable hips and club feet, severe reactive airway disease associated with bronchiolitis, and she has had a ventriculoperitoneal shunt inserted for hydrocephalus, a condition characterized by an abnormal increase in the amount of fluid in the cranium. (R.O.A. Vol. I, Doc. 28, Deft's Exh. 1.)