**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE DELFINO SALVADOR
ORTEGA-RIVERA,

Defendant-Appellant.

Case No. 99-1075

District of Colorado

(D.C. No. 98-CR-414)

**ORDER AND JUDGMENT** *

Before , **SEYMOU** R, Chief Judge , and **BALDOCK** and **HENRY** , Circuit Judges.

Jose Ortega-Rivera was convicted of reentry into the United States after

being deported subsequent to two aggravated felony convictions, in violation of 8

U.S.C. § 1326(a) and (b)(2). Mr. Ortega-Rivera was sentenced to fifty-seven

months imprisonment, the minimum term specified within the applicable

guideline range. Mr. Ortega-Rivera seeks to appeal his sentence on the grounds

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that the district court erroneously refused to consider relevant departure factors.[1]
For the following reasons, we conclude that this court is without jurisdiction to review the discretionary refusal by a district court to grant a downward departure.

At sentencing, Mr. Ortega-Rivera argued for a downward departure pursuant to USSG § 5K2.0, which allows consideration of any factor "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." USSG § 5K2.0 (quoting 18 U.S.C. § 3553(b)). He presented the following mitigating circumstances in support of a downward departure: he crossed the border for the sole purpose of retrieving payment for a car he sold through his legitimate business; he was motivated by the desire to pay for his wife's medical expenses; he had no intention of maintaining residence or employment, or committing a criminal act while in the United States; he was unaware that his exclusion from the United States was permanent; and he would not have re-entered had he known of the severe penalties. See Aplt's App. at 17-18 (Defendant's Objections to Presentence Report). After hearing Mr. Ortega-Rivera's arguments, the district court refused to grant a downward departure.

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[W]e have no jurisdiction to review a discretionary determination of a district court not to depart from the sentencing guidelines." United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998). Mr. Ortega-Rivera concedes this rule; however, he seeks to invoke the rare and limited exception that permits plenary appellate review of a district court's refusal to depart from the sentencing guidelines where "it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances." United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir. 1993) (relying on United States v. Lowden, 900 F.2d 213, 217 (10th Cir. 1990)); see also Castillo, 140 F.3d at 887.

Mr. Ortega-Rivera contends that a colorable reading of the district court ruling discloses an erroneous legal conclusion that the proffered circumstances cannot be considered in a decision to depart downward from the Guidelines. He points to the following language of the district court in support of his argument:

> The fact that [reentry] happens all the time in California is not a basis for this Court to agree to a departure or consider a departure. The fact of the defendant's family circumstances under the guidelines is not appropriate consideration for a departure. The fact of the nature of the offense, that is to say he came to Colorado apparently allegedly to recover a car, does not really affect the issue before the Court . . . .The fact that the defendant did not know of new penalties arising from the act of reentry again does not justify under the guidelines any departure.

Aplt. App. at 46-47 (Hr'g on Sentencing, Feb. 9, 1999).

We have held that "unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not

review his decision." United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994) (emphasis added). We simply refuse to review the denial of a downward departure "[a]bsent such a misunderstanding on the sentencing judge's part, illegality, or an incorrect application of the guidelines." Id. (citing United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir. 1990)).

The portions of the sentencing transcript relied on by Mr. Ortega-Rivera do not establish that the district court judge unequivocally concluded as a matter of law that he was without authority to consider the proffered circumstances for departure under the Sentencing Guidelines. Moreover, in a portion of the sentencing transcript that Mr. Ortega-Rivera does not cite in his brief, the court stated:

> The defendant argues that the Court should depart with respect to the nature of this crime, and the background information under 5K2.0, and which permits the Court to depart, as does the statute, where there exists an aggravating or mitigating circumstance of a kind or degree not adequately taken in to account by the Sentencing Commission.

Aplt. App. at 46 (Hr'g on Sentencing, Feb. 9, 1999) (emphasis in original). Thus, interpreted in context, the language of the district court indicates that it understood its authority but chose not to exercise its discretion to depart under the facts of this case.

Accordingly, we DISMISS Mr. Ortega-Rivera's appeal for lack of jurisdiction.

-4-

Entered for the Court,


Robert H. Henry
Circuit Judge