UNITED STATES of America,
Plaintiff–Appellee,

v.

Lloyd Oren HOLSEY, also known as John Q. Ramsey, also known as Jack D. Webber, also known as Jack Hicckor, also known as Lloy O. Holsey, Defendant–Appellant.

No. 92–3249.

United States Court of Appeals,
Tenth Circuit.

May 28, 1993.

Jackie N. Williams (Lee Thompson, U.S. Atty. and David M. Lind, Asst. U.S. Atty., with him on the brief), Asst. U.S. Atty., Wichita, KS, for plaintiff-appellee.

Norman Trip Shawver, Wichita, KS, for defendant-appellant.

Before BALDOCK, BRORBY and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a two-count indictment Lloyd Oren Holsey was charged as follows: in Count 1, Holsey was charged with taking by force and violence approximately $2,900.00 in currency belonging to the Kansas State Bank & Trust, Wichita, Kansas, a federally insured bank, from employees of the bank, in violation of 18 U.S.C. § 2113(a); and in Count 2, Holsey was charged with using and carrying a firearm to commit the offense charged in Count 1, in violation of 18 U.S.C. § 924(c).

A jury convicted Holsey on both counts. Under the United States Sentencing Guidelines, Holsey was sentenced to imprisonment for 210 months on Count 1, the low end of the guideline range for such conviction. As to Count 2, Holsey was sentenced pursuant to 18 U.S.C. § 924(c) to a mandatory consecutive 60 months' imprisonment. Holsey appeals his convictions and the sentences imposed therein. We affirm.

## I.   DR. ROACH

Prior to trial Holsey filed a timely notice that he intended to rely upon the affirmative defense of insanity at the time of the alleged offense. Fed.R.Crim.P. 12.2. As a result, Holsey was transported to the Medical Center for Federal Prisoners at Springfield, Missouri for examination and evaluation. The examining physician at the Springfield facility concluded that Holsey was not insane at the time of the bank robbery. Upon Holsey's return to Wichita, Kansas, Holsey was examined a second time by a Dr. Neil Roach of Wichita, at the behest of defense counsel. Dr. Roach also concluded that Holsey was not insane at the time of the offense.

During the trial, after the jury was excused at the conclusion of the government's case, counsel for Holsey told the court that he was considering calling Dr. Roach as a defense witness and that he wanted Holsey's "understanding and concurrence" that Dr. Roach's testimony could conceivably damage Holsey's plea of insanity. When the district court expressed doubt about whether there was any evidence of insanity, Holsey's counsel made an offer of proof as to the testimony he would elicit from Dr. Roach if he were permitted to call him as a defense witness. That proffer was as follows:

Dr. Roach, I believe, would testify that in his opinion Mr. Holsey does not have any major mental deficit, and that in his opinion his loss of memory was malinger-

ing and a selective loss of memory rather than being an actual fugue state or hysterical situation where he was not mentally competent at the time of the incident.

He would, I've talked with him, and what evidence I was going to put on was the fact that Mr. Holsey was under a lot of stress prior to this incident and that stress, in fact, can bring on a dissociative state, and then have Dr. Roach talk about what a dissociative state is. Then have Mr. Holsey indicate that he had no memory as of that time and that this was basically similar to what a dissociative state is.

At that point, we would ask based on that testimony with some expert opinion that Mr. Holsey was, in fact, in a dissociative state at the time. To present the question of insanity with an appropriate instruction to the jury that at the time of the alleged incident that Mr. Holsey as a result of severe mental disease or defect was unable to appreciate the quality or the wrongfulness of his acts as set forth in Section 17. I understand that there are some difficulties with that.

Defense counsel's position was that Dr. Roach's testimony, coupled with the testimony of Holsey and his sister regarding Holsey's memory lapses, would be sufficient evidence of insanity to require the issue to be submitted to the jury.

The district court pressed defense counsel as to whether or not Dr. Roach would testify that Holsey had a "severe mental disease or defect" which left him "unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. Holsey's counsel responded: "As an officer of the Court, my understanding is that Dr. Roach will not go that far, Your Honor."

In this general setting, the district court rejected counsel's offer of proof and ruled that since Dr. Roach had found Holsey to be sane at the time of the bank robbery, he would not be allowed to testify regarding Holsey's "stress" and the possibility that stress can cause a "dissociative state," since such testimony was not evidence of insanity under 18 U.S.C. § 17.

On appeal, counsel first argues that the district court erred in not allowing Dr. Roach to testify. Under the described circumstances, we find no error. 18 U.S.C. § 17 reads as follows:

§ 17. Insanity defense

(a) Affirmative defense.—It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) Burden of proof.—The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

Since Dr. Roach was of the view that Holsey was, in fact, sane at the time of the robbery, Dr. Roach's testimony concerning Holsey's "stress" and possibility that stress can cause a "dissociative state" would not be relevant or material to the insanity defense. It should be remembered that in his offer of proof counsel indicated quite clearly that Dr. Roach's testimony was being offered in support of Holsey's affirmative defense of insanity, and not for any other purpose.

■ The determination of whether expert testimony should be admitted rests within the sound discretion of the trial court. *Unites States v. Esch*, 832 F.2d 531, 535 (10th Cir.1987), *cert. denied*, 485 U.S. 908, 108 S.Ct. 1084, 99 L.Ed.2d 242 (1988), *and cert. denied*, 485 U.S. 991, 108 S.Ct. 1299, 99 L.Ed.2d 509 (1988). The trial court's ruling will not be disturbed absent a clear abuse of that discretion. *Id.* We cannot say that under the circumstances described above the district court abused its discretion in rejecting counsel's offer of proof concerning Dr. Roach.

## II. INSANITY INSTRUCTION

■ As a corollary of the foregoing argument, counsel next argues that the district court erred in refusing to instruct the jury on the insanity defense and in failing to submit to the jury a "not guilty by reason of insani-

ty" verdict form in accordance with 18 U.S.C. § 4242(b). In the district court, defense counsel argued that under Fed.R.Crim.P. 12.2, once timely notice is given that a defendant intends to rely upon the defense of insanity at the time of the alleged offense, a district court is required to instruct the jury on insanity even though there is no evidence of insanity. However, in his brief in this court, counsel concedes that if a defendant files a timely notice pursuant to Fed. R.Crim.P. 12.2, he is entitled to an instruction on insanity only if there is some evidence of insanity. We agree. *See, United States v. Prazak,* 623 F.2d 152, 154 (10th Cir.), *cert. denied,* 449 U.S. 880, 101 S.Ct. 229, 66 L.Ed.2d 104 (1980) (A trial court need not instruct on a defendant's theory of defense where there is no support therefor in the evidence.). So, whether Holsey was entitled to an instruction on insanity depends on whether there was evidence tending to show insanity sufficient to require an instruction to the jury on the matter.

■ In his own defense, Holsey testified, *inter alia,* that he was *not* insane, but that he felt "goofy in the head" prior to the incident and had "blacked out" and did not remember robbing the bank. Holsey's sister testified that her brother had frequent "loss of memory." We reject counsel's suggestion that Holsey's testimony and that of his sister was evidence of insanity sufficient to require the district court to instruct the jury on insanity. And we further note, parenthetically, that even if Dr. Roach's testimony had been allowed, the result would still be the same.

18 U.S.C. § 17 clearly provides that mental disease or defect does not constitute a defense unless it rendered the accused "unable to appreciate the nature and quality or the wrongfulness of his acts." Holsey's testimony and that of his sister, even in conjunction with the proferred testimony of Dr. Roach, do not amount to evidence that Holsey suffered from the kind of mental disease or defect that would constitute a defense under 18 U.S.C. § 17. *Cf. United States v. Analla,* 490 F.2d 1204, 1209 (10th Cir.), *vacated on other grounds,* 419 U.S. 813, 95 S.Ct. 28, 42 L.Ed.2d 40 (1974) (Defendant's testimony that he was distraught and had vivid recollec-

tions of combat in Vietnam was insufficient to raise the issue of insanity.). Under the circumstances, the district court did not err in refusing to instruct the jury on insanity.

## III. DOWNWARD DEPARTURE

■ The United States Sentencing Commission *Guidelines Manual* § 5H1.1 provides that age "may" be a reason to impose a sentence below the applicable guidelines range. Section 5H1.4 provides that extreme physical impairment "may" also be a reason to impose a sentence below the applicable guideline range. Counsel argued in the district court that the judge should make a downward departure in sentencing on Count 1 because Holsey was 52 years of age and in poor health. The judge declined to do so, and counsel on appeal argues that such is reversible error.

*United States v. Bromberg,* 933 F.2d 895, 896 (10th Cir.1991), we spoke as follows:

It is settled law in this circuit and others that a district court's discretionary refusal to depart downward from the guidelines does not confer appellate jurisdiction under 18 U.S.C. § 3742.

Under *Bromberg,* and other precedent in this circuit, we have no jurisdiction to review the district court's discretionary refusal to depart downward from the guidelines because of Holsey's age or poor health. *See also, United States v. Brownlee,* 970 F.2d 764, 766 (10th Cir.1992); *United States v. Davis,* 900 F.2d 1524, 1529–30 (10th Cir.), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *United States v. Richardson,* 901 F.2d 867, 870 (10th Cir.1990); *United States v. Lowden,* 905 F.2d 1448, 1449 (10th Cir.) *cert. denied,* 498 U.S. 876, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990).

Judgment **AFFIRMED.**