69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando RAEL, Defendant-Appellant.
 No. 95-1011.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 On August 27, 1993, pursuant to a written plea agreement, Fernando Head Rael entered a guilty plea to one count of assault with a dangerous weapon, in violation of 18 U.S.C. 1153. The district court subsequently sentenced Rael to thirty-seven months imprisonment. Rael did not appeal.
 
 
 3
 Subsequently, Mr. Rael brought a pro se motion to modify, vacate or set aside his sentence pursuant to 28 U.S.C. 2255, contending that: (1) his counsel was ineffective for failing to request downward departure under USSG 5H1.1, 5H1.4 (consideration of defendant's age and ill health) and 5K2.10 (consideration of the victim's behavior which contributed significantly to the offense behavior); (2) the U.S. Probation Officer was also remiss in performing her duties, because she failed to alert the court to the mitigating circumstances; and (3) in fact and law he was entitled to a downward departure. Appealing the district court's denial of his motion, he also claims the district court erred when it failed to (1) hold an evidentiary hearing, or (2) allow him to traverse the government's opposition. We affirm.
 
 
 4
 Following an argument, Mr. Rael shot his daughter's boyfriend in the groin. Supp. R. Vol. I, Tab 1, Attachment B at 3-4. The sentencing guideline range for Mr. Rael's offense level is thirty-three months to forty-one months imprisonment. Id., Attachment C at 19. The presentence report ("PSR") substantially noted the mitigating circumstances which Mr. Rael now asserts, see Appellant's Reply Br. at 7, and recommended the maximum forty-one month sentence. Supp. R. Vol. I, Tab 1, Attachment C at 19. At sentencing, defense counsel requested that the court impose the minimum term of thirty-three months because of Mr. Rael's ill health and age. Id. at 9. Speaking in his own behalf, Mr. Rael expressed remorse for his crime and sympathy for his victim, stating that he had no excuses for what happened. Id. at 12.
 
 
 5
 The court found no reason to depart from the guideline range. Id. at 19. However, the court rejected the maximum urged in the PSR, noting that "Mr. Rael seems to recognize how serious the offense is." Id. The court then imposed a term of thirty-seven months.
 
 
 6
 The question of effectiveness of counsel is a mixed question of law and fact which we review de novo. See Strickland v. Washington, 466 U.S. 668, 698 (1984). A defendant claiming ineffective assistance of counsel bears a heavy burden. See Hatch v. Oklahoma, --- F.3d ----, No. 94-6052, 1995 WL 355181, at * 6-* 7 (10th Cir. June 14, 1995) (citations omitted). To establish ineffective assistance of counsel, a defendant must show 1) that his counsel's performance was constitutionally deficient, and 2) that deficient performance was prejudicial. Strickland, 466 U.S. at 687; see also Stafford v. Saffel, 34 F.3d 1557, 1562 (10th Cir.1994), cert. denied, 115 S.Ct. 1830 (1995).
 
 
 7
 In order to prove prejudice, a defendant must show that there is reasonable probability that, but for counsel's deficiency, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id. at 697; see also United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1993).
 
 
 8
 In this case, Rael argues that his counsel's errors resulted in the court's failure to grant a discretionary downward departure. As discussed below, such an argument raises problematic jurisdictional issues, since a sentencing court's refusal to grant discretionary departure is nonreviewable. In any event, we need not determine what a defendant must show to overcome the absolute deference underlying the jurisdictional bar, because Mr. Rael has made no showing at all.
 
 
 9
 Our review of the record clearly discloses that the district court was adequately advised of relevant mitigating factors. Accordingly, our confidence in the district court's determination is not undermined.
 
 
 10
 In a similar vein, and contrary to the facts revealed in the record, Mr. Rael asserts that the probation officer breached her duty by not properly informing the district court of mitigating factors. We need not consider this claim which is unsupported in fact and law. See Brownlee v. Lear Siegler Mgmt. Servs. Corp., 15 F.3d 976, 977-78 (10th Cir.), cert. denied, 114 S.Ct. 2743 (1994).
 
 
 11
 For his third argument, Mr. Rael contends that, in fact, he was entitled to a downward departure. Even if we credited the enhanced version of events which Mr. Rael urges, we do not have jurisdiction to review the court's discretionary refusal to depart, either at the original sentencing hearing or upon review of its refusal to grant his section 2255 motion. 18 U.S.C. 3472; United States v. Holsey, 995 F.2d 960, 963 (10th Cir.1993).
 
 
 12
 Finally, Mr. Rael argues that the district court abused its discretion in failing either to hold an evidentiary hearing to correct the factual record or to allow him to file a traverse. Section 2255 does not require an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255; United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir.1985); see also Hatch, 1995 WL 355181, at * 6-* 7, * 10 (citations omitted) (applying similar test under 28 U.S.C. 2254). Additionally, the Rules Governing Section 2255 Proceedings do not provide for the filing of a traverse. See Advisory Comm. Notes to Rule 5 of the Rules Governing Section 2255 Proceedings ("[T]here is no intention here that ... a traverse be required, except under special circumstances.") Because the record conclusively demonstrates that Mr. Rael is not entitled to relief, and because Mr. Rael has shown no special circumstances, we find no abuse of discretion in the district court's refusal to hold an evidentiary hearing or to allow the filing of a traverse.
 
 
 13
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470