UNITED STATES of America,
Plaintiffs,

v.

Richard D. BARNEY, Defendants.

No. 99–CR–87 C.

United States District Court,
D. Utah,
Central Division.

June 17, 1999.

Elizabethanne C. Stevens, U.S. Attorneys Office, Salt Lake City, UT, for plaintiff.

James C. Bradshaw, Salt Lake City, UT, for defendant.

### EX PARTE ORDER

BOYCE, United States Magistrate Judge.

Defendant, Richard D. Barney, made a motion for authority to hire a mental health expert. The court previously denied, without hearing, the defendant's motion finding that defendant, in his motion, had not shown either a constitutional or a statutory basis under 18 U.S.C. § 3006A(e) for the engagement of such an expert.

■ Barney moved for renewed consideration for appointment of a mental health expert. The defendant contends he is entitled to a hearing on his request. The court is still of the opinion that defendant did not make an adequate predicate showing to warrant a hearing on his motion. The court is not obligated to hold a hearing if the request does not raise at least a colorable claim of a right to the requested services. *Lawson v. Dixon,* 3 F.3d 743 (4th Cir.1993) (magistrate judge was not required, under applicable statute, to hold an ex parte evidentiary hearing to consider [defendant's] motion for psychiatric expert assistance); *United States v. Goodwin,* 770 F.2d 631 (7th Cir.1985) (no hearing required where the request was deficient). All that is required is an "appropriate inquiry." 18 U.S.C. § 3006(A)(e)(1).

■ In requesting a court appointed expert, under 18 U.S.C. § 3006A(e), the burden is on the defendant to show that such services are "necessary" to an adequate defense. *United States v. Nichols,* 21 F.3d 1016 (10th Cir.1994).

However, in order to assure the defendant had a full opportunity to show such a "necessity" to meet the requirement of 18 U.S.C. § 3006A(e), the court granted the defendant a hearing on his motion. At the hearing, a few additional facts were presented but the evidence was essentially the same.

■ The defendant admitted that no notice of a defense of insanity has been made and given to the prosecution, Rule 12.2(a) F.R.Cr.P., and that such a defense would probably not be a supportable claim. The defendant suggested that a diminished capacity circumstance might exist. However, under 18 U.S.C. § 17, it is provided that there is a defense of insanity but,

"mental disease or defect does not otherwise constitute a defense." This precludes a defendant from introducing evidence, at the guilt phase of a trial, on a claim of "diminished responsibility" or "diminished capacity." *United States v. Pohlot,* 827 F.2d 889 (3rd Cir.1987); *United States v. Holsey,* 995 F.2d 960 (10th Cir.1993) (evidence of disassociative state was not material in a bank robbery prosecution where the expert evidence was that defendant was not insane). See also *United States v. Fazzini,* 871 F.2d 635 (7th Cir.1989).

■ However, evidence of mental illness may be introduced to show the defendant did not have the requisite *mens rea* for the offense. *United States v. Bennett,* 161 F.3d 171, 184 (3rd Cir.1998). However, in *Bennett,* supra, the court said "[d]istrict courts should admit evidence of mental abnormality on the issue of mens rea only if ·when, if believed, it would support a legally acceptable theory of lack of *mens rea,*" quoting from *Pohlot,* supra, pp. 906–07. See also *United States v. Cameron,* 907 F.2d 1051, 1062–1063 (11th Cir.1990) (mental illness evidence is admissible on lack of *mens rea* ); *United States v. Bartlett,* 856 F.2d 1071 (8th Cir.1988).

The Ninth Circuit had reached a similar substantive conclusion, but held on to the use of the "diminished" terminology without more accurately discussing the matter in terms of *mens rea, United States v. Twine,* 853 F.2d 676 (9th Cir.1987). The Tenth Circuit adopted the same position in *United States v. Vazquez–Pulido,* 155 F.3d 1213, 1218 (10th Cir.1998) (citing *Twine* ). See also *United States v. Simmonds,* 931 F.2d 685 (10th Cir.1991).

■ The defendant is charged in one count with possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)). A second count seeks forfeiture of the property used to promote the offense (18 U.S.C. § 2253(a)(3)). Defendant has not filed notice of insanity or the intent to use expert testimony at trial. Rule 12.2(a) & (b) F.R.Cr.P.

The substantive offense to which defendant referred at hearing, to which the motion applies, is the possession of child pornography. The *mens rea* for the offense is that defendant "knowingly possesses" the image of "child pornography" that has been mailed or shipped or transported in interstate commerce. At hearing, defendant acknowledged the *knowing* standard of *mens rea* and candidly admitted that defendant probably knew the nature of the material. Therefore, there is no necessity shown for the appointment of a mental health expert on the *mens rea* element of the charge.

At hearing on the motion, counsel for defendant suggested the defendant's mental health might bear on the affirmative defense provided for in 18 U.S.C. § 2252A(d). That provision in section (2) allows an affirmative defense to the possession of child pornography under 18 U.S.C. § 2252A(a)(5) if the defendant "(a) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any image or copy thereof (b) took reasonable steps to destroy each such image." The affirmative defense requires *reasonable* steps be taken to destruction of the materials. What is reasonable is an objective standard and not dependant on the subjective impressions or attitude of the defendant. J.C. Smith, *Justification and Excuses in the Criminal Law,* p. 49 (1989); Paul H. Robinson, *Criminal Law Defenses,* Vol. 1 § 61(a)(1)(d) p. 214 (1984) (reasonable person standard is objective; discussion as to culpability under Model Penal Code § 2.02). See *Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (referring to the affirmative defense of qualified immunity in a civil rights case as an objective standard "of which a reasonable person would have known", at 118 S.Ct. at 1585); *Stringer v. Black,* 503 U.S. 222, 236–237, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992) ("Reasonableness, in this as in many other contexts, is an objective standard"). An objective

standard assures an even application of the affirmative defense and is compatable with the policy behind the affirmative defense.

The defendant in this case has not shown how evidence of his mental condition would affect the reasonableness of any steps he may have taken to destroy the pornographic images. The defendant has provided no real factual basis to show such a defense exists in this case.

The affirmative defense in § 2252A(d)(2) requires the defendant to also have acted in "good faith." Although this standard has also been found to be an objective standard and not subjective, *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *United States v. Boynton*, 63 F.3d 337 (4th Cir.1995) (Migratory Bond Treaty Act prosecution exception for "bona fide" agricultural operations is objective), the term "good faith" has also been used in a subjective context. *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); *United States v. Hauert*, 40 F.3d 197 (7th Cir.1994) (tax cases interpreting willfulness and giving a construction to the term to include good faith).

The question of whether the "good faith" requirement is a subjective or an objective standard need not be determined at this time. The defendant has not shown that there is an issue for trial in which necessity requires a mental health expert. 18 U.S.C. § 3006(A)(e). In fact, nothing has been presented in defendant's motion or hearing on this issue. Also, there is no showing this will be a "significant factor" at trial that would impose a constitutional obligation to make a mental health expert available under the authority of *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Defendant has not made the requisite showing for such an appointment as to the issue of an affirmative defense.

At hearing, defendant advanced another argument. It was stated that if defendant had the resources there would be a full psychological examination to determine if defendant's mental condition warranted a downward departure at sentencing and the mental condition might be used to negotiate a plea with the government not to oppose a downward departure if a motion were made under USSG 5K2.13.[1] This issue divides into two separate considerations. First, whether an expert can be appointed to aid in plea negotiations on matters unrelated to trial. Second, whether an expert can be appointed for sentencing purposes.

In regard to the first issue, research has not disclosed a case where an appointment of an expert has been authorized under 18 U.S.C. § 3006A(e) for plea negotiation purposes where the expert would not function as a source of evidence for trial. However, 18 U.S.C. § 3006A(e) speaks in terms of "other services necessary for *adequate* representation ..." This language would seem to be broad enough, that on a proper showing of necessity, such an appointment may be allowed. Plea bargaining is a fact of life in resolution of criminal cases. However, in this case, defendant has not made an adequate showing of necessity for such services. Defense counsel has other information from other sources, as to defendant's mental health. At hearing, counsel provided some references which indicated defendant had a "dependent personality" and other characterological problems not evidencing either mental illness or the likelihood of "significantly reduced mental capacity." See U.S.S.G. § 5K2.13.[2] There is

---

1. Defendant's diminished mental capacity may be a proper basis for downward departure under U.S.S.G. § 5K2.13 *United States v. Mitchell*, 113 F.3d 1528 (10th Cir.1997).

2. See *United States v. McBroom*, 124 F.3d 533 (3rd Cir.1997) for the applicable standards for departure under U.S.S.G. § 5K2.13, post *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). There must be a significantly reduced mental capacity for a downward departure. See also, Alan Ellis,

no colorable claim for the necessity of expert assistance, at this time, to assist in plea negotiations. Plea negotiations have apparently not been pursued to any significant extent and no showing is made as to what kind of evidence, if any, the government would require to accept and not oppose, a downward departure as part of a plea agreement.

Second, as to whether an expert should be appointed for evaluation sentencing purposes, for a possible downward departure under U.S.S.G. § 5K2.13, it would appear this is within the range of authority of the court under 18 U.S.C. § 3006A(e). However, as noted in this court's prior order, the request for services of a mental health expert for sentencing is premature at this time. Until conviction, it is speculative that a sentencing will occur. Therefore, the defendant's request for appointment of a mental health expert is **Denied.**

*Let Judges be Judges. Downward Departures*    *After Koon,* 12 Criminal Justice 49 (1998).