Craig FISCHBACH; Rose Fischbach, as his parent and next friend, Plaintiffs–Appellees,

v.

NEW MEXICO ACTIVITIES ASSOCIATION, Defendant–Appellant,

National Federation of State High School Associations, Amicus Curiae.

No. 93–2251.

United States Court of Appeals, Tenth Circuit.

Nov. 10, 1994.

**1160**

Margaret E. Davidson (and Nikki J. Mann of Keleher & McLeod, and Eleanor K. Bratton of Modrall, Sperling, Roehl, Harris & Sisk, with her on the brief), Albuquerque, NM, for plaintiffs-appellees.

Robert M. Hall (Douglas W. Decker with him on the brief) of Payne, Hall & Poulson, Albuquerque, NM, for defendant-appellant.

Maurice A. Watson and Shelley Freeman of Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for amicus curiae.

Before KELLY and HENRY, Circuit Judges, and VAN BEBBER, District Judge.*

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant New Mexico Activities Association ("NMAA") appeals a district court order preliminarily enjoining it from precluding Plaintiff-appellee Craig Fischbach's participation in interscholastic sports. This action, however, has ceased to be a case or controversy as required by Article III of the United States Constitution. We are thus without jurisdiction and we dismiss the appeal as moot.

*Honorable G. Thomas Van Bebber, United States District Judge for the District of Kansas, sitting by designation.

## Background

Craig Fischbach was not allowed the opportunity to participate in interscholastic sports at Albuquerque's La Cueva High School in the fall of 1993 because the NMAA declared that he was scholastically ineligible. As a result, Fischbach sought a preliminary injunction enjoining the NMAA from preventing his participation in interscholastic sports pending trial on the merits. The district court granted the preliminary injunction for the 1993–94 school year, and the NMAA appealed. While the appeal was pending, Fischbach participated as a member of the football team, completed his senior year of high school and graduated. He now contends that the appeal of the preliminary injunction is moot and should be dismissed.

## Discussion

Under Article III of the Constitution, federal courts may only adjudicate live controversies. See Honig v. Doe, 484 U.S. 305, 317, 108 S.Ct. 592, 600–01, 98 L.Ed.2d 686 (1988). Generally, the actual controversy between the parties "must exist at [all] stages of appellate or certiorari review, and not simply at the date the action is initiated." Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973). If no such controversy exists, the action is moot.

This circuit has held that when an individual graduates from school or no longer has an interest in participating in interscholastic athletic activity, an action to participate in such activity is deemed moot. See Dahlem v. Board of Educ. of Denver Pub. Schools, 901 F.2d 1508, 1510 (10th Cir.1990); Wiley v. National Collegiate Athletic Assoc., 612 F.2d 473, 475 (10th Cir.1979), cert. denied, 446 U.S. 943, 100 S.Ct. 2168, 64 L.Ed.2d 798 (1980). Since Fischbach has graduated, the power of the NMAA to adversely affect his rights has ended. Moreover, the preliminary injunction against the NMAA has expired as it was only for the 1993–94 school year. Consequently, Fischbach's rights are no longer at issue and no live controversy exists between the parties.

*See Jordan v. Indiana High School Athletic Assn.,* 16 F.3d 785, 788–89 (7th Cir.1994).

The NMAA, however, claims that relief is still being sought. Specifically, the NMAA suggests that a reference to the adverse effect that Fischbach's exclusion from the football team would have on his opportunity to obtain a college scholarship constitutes a civil rights claim and prevents the action from being moot. The reference to the college scholarship, however, was included in Fischbach's brief in support of his motion for a preliminary injunction, to substantiate irreparable harm. Aplt.App. at 48, 50. This is far different from a claim for relief contained in a complaint. *See* Fed.R.Civ.P. 8(a). Moreover, Fischbach did have the opportunity to participate in football and thus the opportunity to gain a scholarship. As a result, there is no longer any relief being sought.

An exception to the mootness doctrine arises in cases which are "capable of repetition, yet evading review." *Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 377, 99 S.Ct. 2898, 2904, 61 L.Ed.2d 608 (1979) (quoting *Southern Pacific Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911)). The NMAA urges that this exception applies to this case. To meet this exception, two conditions must be satisfied: "(1) the challenged action ... [must be] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there ... [must be] a reasonable expectation that the same complaining party ... [will] be subjected to the action again." *Id.*

Neither requirement of this exception is met in this case. First, the appeal could have been litigated during the school year. The NMAA, however, did not attempt to expedite an appeal of the preliminary injunction. Second, since Fischbach has graduated, there is no reason to suspect that either he or his parent will again be subjected to the actions of the NMAA. Thus, from the standpoint of the complainant, the issue is not "capable of repetition." *See Crane v. Indiana High School Assn.,* 975 F.2d 1315, 1319 (7th Cir.1992).

The NMAA, however, argues that it meets the exception because it is in the same position as the party who was afforded the exception in *Walsh v. Louisiana High School Assn.,* 616 F.2d 152, 157 (5th Cir.1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981). This argument is without merit because the NMAA is not the complainant. In *Walsh,* the Fifth Circuit held that it could reasonably expect that the same complaining parties would be subjected to the challenged action again in the future. *Id.* The appellants in *Walsh,* however, had minor children currently enrolled in the school system who could ultimately be subject to the complained of activity. As a result, the court found that the action fell under the exception. The mere fact that the NMAA claims the action is not moot does not make the NMAA the complaining party for purposes of analysis under the exception to the mootness doctrine. The complaining parties in this action are the Fischbachs, and it has been established that they will not be subjected to the actions of the NMAA again. As a result, the requirements of the exception to the mootness doctrine are not satisfied.

APPEAL DISMISSED.