UNITED STATES of America, Plaintiff–Appellee,

v.

Mark FISHER, Defendant–Appellant.

No. 94–4108.

United States Court of Appeals, Tenth Circuit.

May 4, 1995.

Jerold D. McPhee, Salt Lake City, UT, for defendant-appellant.

Bruce C. Lubeck, Asst. U.S. Atty. (Scott M. Matheson, Jr., U.S. Atty., with him on the brief), Salt Lake City, UT, for plaintiff-appellee.

Before HENRY, Circuit Judge, McKAY, Senior Circuit Judge, and KANE, Senior District Judge.*

KANE, Senior District Judge.

Mark Fisher appeals from the district court's judgment sentencing him to sixteen (16) months imprisonment following his plea of guilty to Count I charging him with the offense of distribution of a controlled substance, Lysergic Acid Diethylamide (LSD) in violation of 21 U.S.C. § 841(a)(1). Fisher also appeals the district court's ruling on his Motion for Stay of Execution of Sentence and Release of the Defendant Pending Appeal.

On appeal, Fisher argues, in light of his physical infirmities, the district court abused its discretion by (1) failing to depart downward from the sentencing guidelines pursuant to U.S.S.G. § 5H1.4. and (2) failing to rule on his motion for stay of execution and release pending appeal in a timely fashion.

## I. *Facts.*

The facts recited here have been gleaned from the briefs on appeal, the presentence

---

* The Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation.

report, the transcript of the sentencing proceeding and other documents contained within the criminal docket of the district court.

Mark Fisher was born on October 23, 1970. At age eleven, he fell from a tree, causing loss of movement from his mid-chest down and confining him to a wheelchair. In addition, Fisher suffers from decubitus ulcers and has undergone a colostomy, which periodically results in bouts of infection.

On February 17, 1994, Fisher entered a plea of guilty to one count of a two count indictment charging him with the offense of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1).

At the sentencing hearing on April 19, 1994, Fisher's counsel requested a six level downward departure pursuant to U.S.S.G. § 5H1.4 on the basis that Fisher is infirm, a paraplegic, and has developed serious complications. Without making reference to the request for downward departure, the district court judge sentenced Fisher to the maximum sixteen months imprisonment, commencing forthwith, to be followed by three years of supervised release.

Fisher filed a notice of appeal on April 25, 1994. Simultaneously Fisher filed a motion for an order staying the execution of his sentence of confinement and releasing him pending appeal. On May 6, 1994, the district court, without findings, denied the motion. The order was entered on May 10, 1994. Meanwhile, Fisher had, on April 29, 1994, been transported to his designated place of confinement.

## II. *Discussion—Disposition.*

a. *Downward Departure under U.S.S.G. § 5H1.4.*

Fisher argues the district court abused its discretion, or, alternatively erred in failing to depart downward as provided for pursuant to U.S.S.G. § 5H1.4.

 "[W]e review the application of the sentencing guidelines for errors of law, while factual determinations made by the trial court are reviewed for clear error." *United States v. Diggs,* 8 F.3d 1520, 1526 (10th Cir. 1993). As a general rule, "this court does not have jurisdiction to hear a defendant's appeal from the district court's discretionary refusal to depart downward from the Sentencing Guidelines." *Id.; see United States v. Holsey,* 995 F.2d 960, 963 (10th Cir.1993). However, "a sentence imposed within the guideline range only because the court erroneously believed that the guidelines did not permit a downward departure is a sentence 'imposed as a result of an incorrect application of the sentencing guidelines,' 18 U.S.C.A. § 3742(a)(2)." *United States v. Lowden,* 905 F.2d 1448, 1449 (10th Cir.), *cert. denied,* 498 U.S. 876, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990).

The determinative question here is whether the district judge correctly believed he had the power to depart under U.S.S.G. § 5H1.4 but declined to do so, in which case his decision is not reviewable, or whether he erroneously believed he lacked authority to depart from the guidelines, in which case it is.

At the outset of the sentencing hearing, the judge addressed Fisher's counsel as follows:

You have indicated in a document filed with the Court, and it has been very helpful, that there are factors that warrant departure. And you're indicating the extraordinary physical impairment and that that may be reason to impose a sentence before [sic] the applicable guideline range. And I have made note of that as I am sure [the Assistant United States Attorney] has.

R.Vol. II at 4 (referring to R. on Appeal, Vol. I, Doc. 23.)

The judge then invited Fisher's counsel "to address the departure along with anything else you want to say about the sentencing generally." R.Vol. II at 4. Fisher's counsel argued, without interruption, that a downward departure was warranted pursuant to U.S.S.G. § 5H1.4 because of Fisher's physical condition. Section 5H1.4 provides:

Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline

range; *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

U.S.S.G. § 5H1.4.

Fisher's counsel submitted a letter from Steven J. Mintz, M.D., Fisher's treating physician, dated March 10, 1994, stating that Fisher "has basically total lower body paralysis with decubitus ulcers needing bladder treatments as well as colostomy treatments." *See* R.Vol. II at 6; letter included in R.Vol. 1 at final page. Fisher's counsel asserted Fisher had "an extraordinary physical impairment" and was "a seriously infirm defendant" as envisaged by § 5H1.4. He drew the court's attention to the section's reference to the possibility of "home confinement" (in fact termed "home detention") as a being less costly than and as efficient as imprisonment. R.Vol. II at 8.

Fisher's counsel requested departure pursuant to § 5H1.4 "downward five levels, six levels to a level four, criminal history category three, zero to six months, as placing probation well within the range." *Id.* He noted "should probation be imposed that there certainly needs to be something more than straight probation, some sort of treatment." *Id.* at 9. Fisher's counsel commented he did not know of a facility in Salt Lake City capable of dealing with Fisher on a long-term basis and that Fisher would be "at some risk in his transportation" to a federal facility that could deal with him. *Id.* Fisher himself declined to make a statement before the imposition of sentence.

The Assistant United States Attorney made the following remarks regarding sentence:

> Judge, I don't know the exact sentence that is appropriate either. I suspect none of us will know what life is like for Mr. Fisher in that wheelchair. However, as I see his history, Judge, his attitude, it seems to me that the sentence has to say to Mr. Fisher as difficult as that life is, you can't continue to use that wheelchair as an excuse to commit crimes. I suspect incarceration would be very unpleasant for those who have to move Mr. Fisher and care for him and very unpleasant for Mr.

> Fisher, but I think perhaps that is the sentence that is required.

*Id.* at 10.

The judge then imposed the terms and conditions of Fisher's sentence. He determined Fisher was entitled to a two-level reduction for acceptance of responsibility bringing the offense level to ten and the applicable range of imprisonment to between ten and sixteen months. The judge sentenced Fisher to the maximum sixteen month term to be followed by three years of supervised release.

The judge did not enter any specific finding concerning the application of § 5H1.4. He did, however, make the following observations:

> I recognize that I have sentenced you, Mr. Fisher, I have sentenced you to the top end of the guideline range. Under the sentencing guidelines I can't sentence you to any higher term of imprisonment. Frankly I would if I could. I would have to depart upward and I don't see that there are reasons for that.

> I am not in the business of rehabilitation in this case, I am in the business of punishing the sale of L.S.D. And it is a dangerous business you have engaged in and you need to be punished. I am as sympathetic as I can be with your physical condition. But it is not an excuse for criminal conduct and I am sure you don't need that lecture from me. Hopefully 16 months in a federal prison will do you some good. I hope it does. I hope it stops your taking marijuana and stops your taking cocaine, and stops your abusing prescription drugs, and stops your whining and complaining about your condition in life. I don't know if it will. I hope it does.

R.Vol. II at 12. The judge then stated that Fisher was "bound over forthwith" and that his "sentence starts right now." *Id.*

Fisher does not dispute the general rule within this Circuit that " '[w]e do not have authority to hear an appeal over the trial court's discretionary refusal to depart downward from the guidelines.' " *United States v. Youngpeter*, 986 F.2d 349, 355 (10th Cir.1993) (quoting *United States v. Davis*, 900 F.2d

1524, 1529–30 (10th Cir.), *cert. denied*, 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990)).

■ While not a model of clarity on the point, the court's statement appears to us to reject the mandate of the Guidelines in the case of physical disability. The court's statement that it is "not in the business of rehabilitation in this case, I'm in the business of punishing the sale of L.S.D." is not an exercise of discretion but a rejection of the philosophy and mandate of § 5H1.4. Furthermore, the court failed to comply with our unambiguous mandate in § 5H1.4 cases as set out in *United States v. Slater*. We there directed:

> [T]he district court should first make a factual finding to decide whether [defendant's] physical and mental disabilities constitute "an extraordinary physical impairment." *United States v. Carey*, 895 F.2d 318, 324 (7th Cir.1990). If the court so finds, it should then consider whether that condition warrants a shorter term of imprisonment or an alternative to confinement. *Id*. The court should set forth its reasoning in support of its decision. Thus, we remand for resentencing on this issue.

971 F.2d 626, 635 (10th Cir.1992).

We are persuaded that the trial court refused to follow the mandate of the Guidelines to exercise informed discretion guided by the standards of § 5H1.4 and our mandate set out in *Slater*. We are mindful of the dicta in *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir.1994). However, *Slater* has established the procedures for these disability cases, and the court's statement is sufficiently clear that it does not accept the principles set forth in § 5H1.4. Even though the judges may be generally familiar with the Guidelines, it is clear in this case the court was not familiar with our mandate set out in *Slater*. Nor is it clear that the trial court was familiar with special concerns of the Sentencing Commission when it promulgated § 5H1.4, at least one of which is concern about costs of imprisonment, not just concern for fairness to the defendant.

■ We therefore remand for resentencing concerning the issue of downward departure under U.S.S.G. § 5H1.4. We direct the district court to first make a factual finding to decide whether Fisher's disabilities constitute "an extraordinary physical impairment" under § 5H1.4 and, if so, whether that condition warrants a shorter term of imprisonment or an alternative to confinement such as home detention. The court should set forth reasoning in support of its decision.

### b. *Ruling on Motion to Stay Execution of Sentence*.

On April 25, 1994, Fisher filed his motion for stay of the execution of his sentence and release pending appeal pursuant to Rule 38 of the Federal Rules of Criminal Procedure[1] and 18 U.S.C. § 3143.[2] He simultaneously filed his notice of appeal.

In his motion, Fisher stated he was a paraplegic, being held at the Salt Lake County Jail awaiting designation and transportation to a federal correctional facility. He asserted that the conditions of his pre-designation confinement at the jail lacked the proper facilities "for the care of individuals suffering from the multitude of physical ail-

---

1. Rule 38(b) provides:
 A sentence of imprisonment shall be stayed if an appeal is taken from the conviction or sentence and if the defendant is released pending disposition of appeal pursuant to Rule 9(b) of the Federal Rules of Appellate Procedure. If not stayed, the court may recommend to the Attorney General that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the place where an appeal is to be heard, for a period reasonably necessary to permit the defendant to assist in the preparation of an appeal to the court of appeals.

2. 18 U.S.C. § 3143(b) provides:

 **Release or detention pending appeal by the defendant.**—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds—
 (1) by clear and convincing evidence that a person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and
 (2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

ments that the Defendant suffers from." R.Supplemental Vol. I, Doc. 27 at 2. He maintained that, since being held at the jail his condition had "deteriorated, in that Defendant believes that he is developing blood clots and, owing to lack of handicap facilities at the Salt Lake County Jail, is unable to maintain a [sic.] proper health conditions or supervision." *Id.*

The judge denied the motion on May 6, 1994. His order, docketed on May 10, 1994, states:

> On April 19, 1994, defendant Mark Fisher was sentenced by this Court to a term of imprisonment for violation of Title 21 U.S.C. § 841(a)(1), distribution of a controlled substance. The Court entered judgment in a Criminal Case on April 21, 1994.
>
> Counsel for defendant has moved for a stay of execution of the sentence pending appeal. The Court, having reviewed the defendant's motion and case file, hereby **DENIES** the defendant's motion.

R.Supplemental Vol. I, Doc. 33.

On April 29, 1994, before the judge's determination and denial of Fisher's post-sentencing relief motion, Fisher was transported at substantial government expense to the federal correctional facility at Fort Worth. (*See* Criminal Docket Item 33.)[3]

Fisher states the "sole purpose in requesting post-sentencing relief from the lower court was to allow [him] to remain in Salt Lake City, with his physician and his family during the pendency of his appeal." (Br. Appellant at 9.) He argues that because the Bureau of Prisons transferred him to a correctional institution before the ruling on the motion, the judge's failure to rule "in a timely fashion rendered the Defendant's post-sentencing requests moot in the sense that no meaningful relief could, or would, be granted by the lower court after the Defendant had been transported." *Id.* He further maintains the delay in ruling "effectively deprived [him] of his appellate review rights ... pursuant to Rule 9(b) of the Federal

Rules of Appellate Procedure. Particularly, after [he] had been transported to the designated place of confinement." *Id.*

The Federal Rules of Appellate Procedure provide:

> Application for release after a judgment of conviction shall be made in the first instance in the district court. *If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken.* Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion.

Fed.R.App.P. 9(b) (emphasis added).

Fisher argues that, by failing to determine the motion promptly, the judge thwarted the policy behind Rule 38 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143 which is to permit individuals to seek the type of post-sentence relief Fisher sought. Fisher states once he had been transported, it was unlikely that the relief would be granted and, even if it was, it would have been meaningless since it would have required the government, again at great expense, to return Fisher to Salt Lake City.

The government argues that there was no requirement that the motion be ruled upon within a certain time. Fisher concedes that there is no authority for determining timeliness as it relates to the lower court ruling on a post-sentencing relief motion. However, Rule 9(b) requires the court of appeals or judge thereof to determine such motion "promptly." Because the defendant is in the custody of the sentencing court's district, Fisher argues the requirement of prompt determination should apply *a fortiori* to the lower court.

---

**3.** We obtained a copy of this document from the district court. It was not included as part of the record filed on appeal.

Initially we have to determine whether we have jurisdiction over this issue on appeal. "Our jurisdiction under Art. III, § 2 of the Constitution extends only to actual cases and controversies." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976). The issue may appear moot since the appeal has been heard and Fisher has served a significant portion of his term of imprisonment.

We recognize an exception to the mootness doctrine, however, in cases which are "capable of repetition, yet evading review." *Fischbach v. New Mexico Activities Ass'n*, 38 F.3d 1159, 1161 (10th Cir.1994). To meet this exception the following conditions must be met: " '(1) the challenged action ... [must be] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there ... [must be] a reasonable expectation that the same complaining party ... [will] be subjected to the same action again.' " *Id.* (quoting *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 377, 99 S.Ct. 2898, 2904, 61 L.Ed.2d 608 (1979).

Here, the first condition is met. The judge's ruling on Fisher's motion for stay of execution of sentence and release pending appeal only after Fisher's transportation did not occur in a timely fashion so as to permit of full review. More than being "by nature short-lived," *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 547, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976), it occurred after the fact preventing full litigation.

Any ruling on the motion post-transportation rendered his right to apply for release pending appeal meaningless and frustrated the intended purpose of Rule 38 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143. The heavier burden which a defendant, already transported, bears to persuade a court to re-transport him back to where he was pending the outcome of an appeal, effectively eliminates meaningful review.

The second condition too is satisfied. We have remanded for resentencing concerning the issue of downward departure under U.S.S.G. § 5H1.4. There is a "demonstrated probability," *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975), that after the sentencing judge has resentenced him in accordance with our order, Fisher may again be subject to a ruling on a post-sentencing relief motion. Thus, the issue is properly before us.

We agree with Fisher that, in the circumstances of this case, and taking into account the allegations in his post-sentence motion, the judge had a duty to rule on the motion promptly, i.e. before Fisher's transportation. Any ruling on the motion post-transportation rendered his right to apply for release pending appeal meaningless and frustrated the intended purpose of Rule 38 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143.

Finally, contrary to Rule 9 of the Federal Rules of Appellate Procedure, the judge's order refusing release pending appeal, did not "state in writing the reasons for the action taken." Fed.R.App.P. 9(b). *See United States v. Bishop*, 537 F.2d 1184, 1185 (4th Cir.1976). Here too, in light of our remand for resentencing, Fisher may apply afresh for release pending appeal of a further sentencing order, making the issue "capable of repetition, yet evading review." *See Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911).

In failing to state his reasons, the judge has, once again, left us in an unwelcome zone of speculation. Judicial action is not an exercise in *ipse dixit*—the bare assertion of an individual resting not on expressed reason, but merely on the authority vested in an office. Accordingly, when a judge takes action, it is fundamental that a basis grounded in law is articulated.

We therefore vacate the order denying Fisher's motion for a stay of execution of sentence and release pending appeal and remand the case to the district court to remedy its order in accordance with the foregoing.

REVERSED and REMANDED for proceedings consistent herewith.