68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elisar OLIVO, Defendant-Appellant.
 No. 94-5168.
 United States Court of Appeals, Tenth Circuit.
 Oct. 10, 1995.
 
 Before MOORE, HENRY, and BRISCOE, Circuit Judges:
 ORDER AND JUDGMENT*
 BRISCO, Circuit Judge.
 
 
 1
 Elisar Olivo appeals the sentence imposed by the district court following his conviction of one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. Secs. 846, 841(a)(1). We affirm Olivo's sentence after concluding the court did not err in its determination of the offense level pursuant to U.S.S.G. Sec. 2D1.1, or in its denial of Olivo's motion for downward departure.
 
 
 2
 I. Offense level.
 
 
 3
 Olivo contends the district court erred in finding he transported 900 pounds of marijuana. The court adopted the factual findings contained in the presentence report that Olivo made fifteen trips transporting, on the average, sixty pounds of marijuana per trip. Olivo asserts the court erred in its determination of the number of trips and the amount transported each trip.
 
 
 4
 We apply a clearly erroneous standard when reviewing the district court's calculation of the amount of marijuana attributable to a defendant for sentencing purposes. United States v. Richards, 27 F.3d 465, 468 (10th Cir.1994). This court has explained that we will not disturb a district court's factual finding "unless it has no support in the record or unless after reviewing all the evidence we are firmly convinced that an error has been made." United States v. Clark, 57 F.3d 973, 977 (10th Cir.1995).
 
 
 5
 The government has the burden of proving the quantity of drugs for sentencing by a preponderance of the evidence. Clark, 57 F.3d at 977. Where the drugs are not seized and the court relies upon an estimate to determine the offense level under the guidelines, the information underlying the estimate must possess a "minimum indicia of trustworthiness." United States v. Nieto, 60 F.3d 1464, 1469 (10th Cir.1995). We defer to the district court when reviewing the credibility of witnesses upon whose testimony it relies in making its factual findings. Clark, 57 F.3d at 977.
 
 
 6
 Olivo argues it was clear error for the court to choose the high end of Shanks' testimony that Olivo made "ten or fifteen" trips to Oklahoma. He suggests the court should have selected an average of the range.
 
 
 7
 The court did not commit clear error by basing its finding on Shanks' testimony, which the court found to be credible. The court noted Shanks' testimony was corroborated by records from the Glenpool Quality Inn, which showed Olivo stayed there on nineteen different occasions. Further, as pointed out by the presentence report, Shanks' testimony was based upon first-hand knowledge gained from his presence at each delivery. Cf. United States v. Earls, 42 F.3d 1321, 1325-26 (10th Cir.1994), cert. denied, 115 S.Ct. 1800 (1995).
 
 
 8
 Olivo also argues the court erred in finding he transported, on the average, sixty pounds per trip. The presentence report stated that Shanks testified Olivo delivered forty to eighty pounds per load. Olivo argues trial testimony from the leader of the criminal enterprise, Emillo Castillo, placed the amount transported each trip at twenty to thirty pounds and less than fifty pounds per trip. Olivo's argument regarding the amount delivered in each load is nothing more than an attack on the court's credibility determination. The sentencing court's credibility determinations are given great deference on review. Clark, 57 F.3d at 977.
 
 
 9
 II. Denial of downward departure.
 
 
 10
 Prior to sentencing, Olivo moved for downward departure. Olivo argued the following factors justified a downward departure: his age, his inability to speak English, his lack of formal education, his disadvantaged socio-economic background, and his lack of significant gainful employment. He also argued his crime was an act of aberrant behavior.
 
 
 11
 The reasons given by the district court in its denial of the motion to depart affect this court's scope of review. United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.), cert. denied, 114 S.Ct. 358 (1993). The determinative question is whether the court believed it had power to depart but declined to do so, in which case the decision is not reviewable, or whether it believed it lacked authority to depart, in which case the decision is reviewable. If the district court's decision is reviewable, we review the application of the guidelines for errors of law, while factual determinations are reviewed for clear error. United States v. Fisher, 55 F.3d 481, 483 (10th Cir.1995).
 
 
 12
 At the sentencing hearing, the district court found no factual basis to depart based on Olivo's age. This finding is not reviewable. The court rejected Olivo's aberrant behavior argument because it found his "crime-free" life was adequately addressed by his criminal history category. While the court's discussion of the aberrant behavior argument is brief and ambiguous, the following indicates a court's limited discussion may be sufficient:
 
 
 13
 [W]e no longer are willing to assume that a judge's ambiguous language means that the judge erroneously concluded that he or she lacked authority to downward depart. We think that "the district courts have become more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines." (Citation omitted.) Accordingly, unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision. Absent such a misunderstanding on the sentencing judge's part, illegality, or an incorrect application of the guidelines, we will not review the denial of a downward departure.
 
 
 14
 United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994). Thus, the court's rejection of Olivo's aberrant behavior argument is not reviewable. The court made no clear findings as to Olivo's remaining factors; however, Olivo did not reargue those factors at the sentencing hearing.
 
 
 15
 A court has the statutory authority to depart from the guidelines only when it finds an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration in formulating the guidelines that would result in a sentence different from that described. 18 U.S.C. Sec. 3553(b). U.S.S.G. Sec. 5H is entitled "Specific Offender Characteristics," and lists various factors "not ordinarily relevant to the determination of whether a sentence should be outside the applicable guidelines range," save "exceptional cases." Cf. 28 U.S.C. Sec. 994(d). Chapter five addresses almost every factor argued by Olivo. Section 5H1.1 provides that a defendant's age is not ordinarily relevant to determining whether a sentence should be outside the applicable guidelines range. Section 5H1.2 provides that a defendant's education and vocational training are not ordinarily relevant. Section 5H1.5 provides that a defendant's employment record is not ordinarily relevant. Section 5H1.10 provides that a defendant's race, national origin, and socio-economic status are not relevant. The Sixth Circuit also excludes from consideration the inability to speak English. United States v. Rodriguez, 882 F.2d 1059, 1066 (6th Cir.1989), cert. denied, 493 U.S. 1084 (1990).
 
 
 16
 Affirmed.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470