**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEPHEN BUTLER and MARY
BUTLER, as parents and next friend
of Joshua Butler, a minor,

      Plaintiffs  - Appellees,

v.

RIO RANCHO PUBLIC SCHOOL
DISTRICT; RIO RANCHO PUBLIC
SCHOOLS BOARD OF EDUCATION, a
local public governing body of the State of
New Mexico; SUE CLEVELAND, an
individual; GARY TRIPP, an
individual; SALLY MARQUEZ, an
individual; GERARD HYATT, in his
individual and official capacity;
GEORGE DOE, in his individual and
official capacity,

      Defendants - Appellants,

and

EDDIE SOTO, an individual;
CITY OF RIO RANCHO,  a local public
governing body of the State of New
Mexico; OFFICER RUSS APGAR, in
his individual and official capacity;
CITY OF ALBUQUERQUE, a local
public governing body of the State of
New Mexico; and BRIAN
FITZPATRICK, an individual,

      Defendants.

No. 01-2177
(D. C. No. CIV-01-0466-MV/WWD)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY** and **PORFILIO**, Circuit Judges, and **SAM**, District Judge.[**]

---

Defendants Rio Rancho Public School District, Rio Rancho Public School Board of Education, Sue Cleveland, Gary Tripp, Sally Marquez, Gerard Hyatt and George Doe (collectively "the School") appeal the judgment of the district court which granted the motion for preliminary injunction of plaintiffs Stephen and Mary Butler, as parents and next friend of Joshua Butler, ( the "Butlers"). For the reasons set forth below, the appeal is dismissed as moot and the district court's order for preliminary injunction is vacated.

## I. BACKGROUND

During the 2000-2001 school year, 17 year-old Joshua Butler was a senior at Rio Rancho High School. On February 9, 2001, knowing that his driving privileges had been suspended by the School for reckless driving, Joshua drove his brother's car to school and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable David Sam, Senior Judge, United States District Court for the District of Utah, sitting by designation.

parked it in the faculty parking lot. A school security officer, Mr. Hyatt, noticing that the car lacked a faculty parking permit, looked through the car windows and saw the handle of a knife between the seat and the middle console in the front of the car. Police and the principal were summoned. A licence check revealed the car was registered to Stephen Butler, Joshua's brother who was not a student at the School. Joshua was summoned to the car by school officials; Joshua opened the car. A ten inch hunting knife, a 9 mm Glock automatic pistol, ammunition and a marijuana pipe were found in the car.. Joshua was taken into custody by police.

Pursuant to school policy, a hearing was held before a hearing officer for violation of school weapon and drug policies. Joshua and his parents were present and represented by counsel. Joshua testified that he did not know that the seized items were in the car. Finding substantial evidence of violations, the hearing officer imposed a one year suspension. Joshua appealed the decision to the school board, which upheld the suspension.

On April 27, 2001, the Butlers filed a complaint against the School pursuant to 43 U.S.C. § 1983, alleging violations of Joshua's constitutional right to due process, violations of the Fourth Amendment, conspiracy, and various claims under the New Mexico Tort Claims Act. Plaintiffs requested and were granted a preliminary injunction

entered May 10, 2001, prohibiting the School from enforcing Joshua's suspension, ordering Joshua reinstated to school, permitting him to participate in graduation and related activities and to receive a diploma. Joshua has since graduated from school and received his diploma. This appeal is an interlocutory appeal of the lower court's grant of that injunctive relief.

## II. DISCUSSION

### A. Mootness.

As a threshold issue, the Butlers urge that the appeal is moot because there is no longer any case or controversy for the court to review as the events addressed in the lower court's preliminary injunction have transpired. We agree. The mootness doctrine based on the absence of a case or controversy was outlined in Fischbach v. New Mexico Activities Ass'n, 38 F.3d 1159 (10th Cir. 1994).

> Under Article III of the Constitution, federal courts may only adjudicate live controversies. Generally, the actual controversy between the parties "must exist at [all] stages of appellate or certiorari review, and not simply at the date the action is initiated.". If no such controversy exists, the action is moot.
>
> . . . .
>
> An exception to the mootness doctrine arises in cases which are "capable of repetition, yet evading review." . . . . To meet this exception, two conditions must be satisfied: "(1) the challenged action . . . [must be] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there . . . [must be] a reasonable expectation that the same complaining party . . . [will] be subjected to the action again."

-4-

Id. at 1160-61 (citations omitted)

The School contends that its appeal is within the exception to the mootness doctrine because it did not have an opportunity to fully litigate the issues in this case prior to Joshua's graduation inasmuch as the injunction was issued within 10 days of graduation. The School obviously had minimal time in which to perfect an appeal. Still, it didn't try. The Butlers urge, and we concur, that the School could have, and should have, sought an emergency request for stay, pursuant to Fed. R. App. P. 8, and saved the case from mootness. See Fischbach, 38 F.3d at 1161 (finding no exception to mootness doctrine where appellant "did not attempt to expedite an appeal of the preliminary injunction" given to high school student and his parents). In any event, both conditions outlined in Fischbach must be satisfied to meet the exception. As discussed next, this the School can't do.

The School urges that it satisfies the second condition for the mootness exception because the younger sister of Joshua continues to attend Rio Rancho Schools and there is a reasonable expectation that the same complaining party will be subject to the action again. The Butlers correctly note that they as parents have not asserted any action in their own right, or on behalf of any other child, and that there is no allegation in the complaint that there are other children who may be subjected to the same conduct. They contend that

Joshua is the only real party before the court and because he has graduated from high school there is no expectation that he will be subjected the same conduct of which he originally complained. We agree. Joshua is the complaining party and there is no basis to believe that he (or his parents for that matter) will be subjected to the actions of the School again.

### B. Vacatur.

The School also moves the court for an order of vacatur.

> [A]n appellate court must vacate a prior judgment only if review of the judgment is " 'prevented through happenstance,' " if "mootness results from the unilateral action of the party who prevailed in the lower court". The Court emphasized that the primary inquiry in these cases has been "whether the party seeking relief from the judgment below caused the mootness by voluntary action." The circumstances under which a court must vacate a judgment--whether happenstance or a party's unilateral action--reflect the remedy's equitable nature.

Amoco Oil Co. v. United States Envtl. Prot. Agency, 231 F.3d 694, 698 (10th Cir. 2000)(citations omitted). The School contends:

> Vacatur would avoid the precedential impact of such an unreviewed order upon the schools of New Mexico. In the absence of either a review of the merits of the injunction or this Court's vacatur of the District Court's order granting the injunction, the ability of the public schools of New Mexico to maintain discipline and safety will be unfairly burdened.

(Mot. Vacatur ¶ 7). The court is inclined to agree and finds support for that position in United States v. Munsingwear, Inc., 340 U.S. 36 (1950). The Court explained:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or

> pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss . . . .  That  procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance..

Id. at 39-40.  Based on a desire not to leave as precedential or persuasive an order (1) entered without the benefit of either a complete factual record or full argument on the issue (the district court's order was issued on the Butlers' motion for preliminary injunction), and (2) never reviewed on appeal, the district court's order granting preliminary injunction is vacated.


## III. CONCLUSION

For the reasons set forth above, the appeal is **DISMISSED** as moot and the district court's order granting preliminary injunction is **VACATED**.


Entered for the Court


David Sam
District Judge