**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Alberto IGUERRA–LOPEZ, also known as Abraham Parra Lopez, Defendant–Appellant.**

**No. 01–1096.**

United States Court of Appeals,
Tenth Circuit.

July 23, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

**ORDER AND JUDGMENT\***

SEYMOUR, Circuit Judge.

Luis Alberto Iguerra Lopez pled guilty pursuant to a plea agreement to unlawful

---

\* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submit-

re-entry by a previously deported alien, in violation of 8 U.S.C. § 1326(a). As part of the plea agreement, the government did not oppose a motion for downward departure of Mr. Iguerra Lopez's sentence. The court nevertheless sentenced Mr. Iguerra Lopez to a term of 24 months imprisonment, the maximum possible under the sentencing guidelines but within the appropriate guideline range. Mr. Iguerra Lopez's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and moved for leave to withdraw as counsel. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744, 87 S.Ct. 1396. Counsel has provided Mr. Iguerra Lopez with a copy of his appellate brief and Mr. Iguerra Lopez has chosen not to file additional material with this court.

In his *Anders* brief, counsel identified only one potentially appealable issue for our consideration, whether the district court erred in sentencing Mr. Iguerra Lopez to 24 months. This court has interpreted 18 U.S.C. § 3742(a) to hold that a sentence within the guidelines may not be appealed unless imposed in violation of law, or as a result of an incorrect application of the guidelines. *See United States v. Garcia*, 919 F.2d 1478, 1479–80 (10th Cir.1990). More specifically, we have held that section 3742(a) does not allow appeals challenging a district court's alleged abuse of discretion in refusing to make a downward departure from the guidelines. *United States v. Havens*, 910 F.2d 703, 706–07 (10th Cir.1990); *see also United States v. Fisher*, 55 F.3d 481, 484–85 (10th Cir.1995).

Mr. Iguerra Lopez did not object to the calculation of his guideline range, nor the categorization of his guideline offense level. There is no evidence that his sentence was based upon clearly erroneous factual findings. The district court did not abuse its discretion in sentencing him to the maximum 24 months. He has no claim that his sentence was either in violation of the law or was the result of an incorrect application of the guidelines.

After careful review of the entire proceedings, we conclude that the record establishes no ground for appeal. We have found nothing in the record to indicate that Mr. Iguerra Lopez's guilty plea was not knowing and voluntary, nor do we discern any error in the district court's application of the guidelines. As a result, we GRANT counsel's request to withdraw and DISMISS the appeal.

ted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.