**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOUTHERN UTAH WILDERNESS
ALLIANCE, a Utah non-profit
corporation; NATURAL RESOURCES
DEFENSE COUNCIL, a non-profit
corporation; THE WILDERNESS
SOCIETY, a non-profit corporation;
SIERRA CLUB, a non-profit corporation,

       Plaintiffs-Appellants,

v.

GALE A. NORTON, Secretary of the
Interior; DEPARTMENT OF INTERIOR;
KATHLEEN CLARKE, Director of the
BLM; SALLY WISELY, Utah State
Director of the BLM; DAVID HOWELL,
Vernal Field Office Manager; STEPHEN
WILLIAMS, Director, U.S. Fish &
Wildlife Service,

       Defendants-Appellees,

STATE OF UTAH; UTAH SCHOOL &
INSTITUTIONAL TRUST LAND
ADMINISTRATION; UTAH DIVISION
OF OIL, GAS AND MINING; VERITAS
DGC LAND, INC.,

       Defendants-Intervenors-
       Appellees.

No. 03-4244
(D.C. No. 2:02-CV-1118-PGC)
(District of Utah)

---

# ORDER AND JUDGMENT[*]

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **FRIOT**, District Judge.[**]

On August 23, 2001, Veritas DGC Land Inc. ("Veritas") filed with the United States Department of the Interior, Bureau of Land Management ("BLM") a Notice of Intent to Conduct Geophysical Exploration (NOI) wherein it sought authorization to conduct seismic exploration for the occurrence of oil and gas reserves in Uintah County, Utah. On October 4, 2002, the BLM issued a Decision Record, and Finding of No Significant Impact and an Environmental Assessment approving Veritas' NOI, subject to certain terms and conditions specified by the BLM. One of those terms and conditions provided as follows:

> This Notice of Intent (NOI) expires two years from the approved date, unless it is extended by the BLM prior to the expiration date.

On December 6, 2002, Southern Utah Wilderness Alliance, ("SUWA") and others, brought suit in the United States District Court for the District of Utah against Gale

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Stephen P. Friot, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Norton, Secretary of the Interior, ("Norton") and others. Veritas, and others, intervened as party defendants. By their action the plaintiffs sought to set aside the BLM's decision approving Veritas' NOI and to prohibit Veritas from engaging in any surveying or on-the-ground disturbance on the project until the BLM complied with the National Environmental Policy Act and the National Historic Preservation Act. Answers were then duly filed by the various defendants and intervenors.

After hearing, the district court, on August 22, 2003, denied the plaintiffs' request that it set aside the BLM's decision, the court holding that the BLM's action approving Veritas' NOI was proper and valid. *Southern Utah Wilderness Alliance v. Norton*, 277 F.Supp.2d 1169 (D. Utah 2003). On October 21, 2003, the plaintiffs filed a Notice of Appeal. Briefing in this court was concluded on March 3, 2004. The case was thereafter set for oral argument, which was held on September 29, 2004.

At oral argument, counsel for Norton, at the outset of her argument, suggested that this appeal might become moot on October 4, 2004, because of the provision in Veritas' NOI, and the BLM's approval thereof, which stated that it would expire in two years unless it was extended prior to October 4, 2004. (As of the date of oral argument, i.e., September 29, 2004, it had not been extended.) Counsel's suggestion of mootness caused colloquy between the Court and counsel on the mootness issue. This culminated in an order of the Court that counsel file letter briefs with the Court on or before October 4, 2004, concerning the possibility of mootness.

In its letter brief, SUWA agreed that Veritas' NOI expired by its own terms on October 4, 2004, but argued that such did not moot the appeal because it came within the "capable of repetition, yet evading review" exception, citing *Weinstein v. Bradford*, 423 U.S. 147, 148-149 (1975). Alternatively, counsel for SUWA asked that, if we determined its appeal is moot, and not within the exception, we should then remand to the district court with instructions to vacate. SUWA states that appellate courts will "reverse or vacate the judgment below and remand with a direction to dismiss" when further review of the district court's judgment "was prevented through happenstance," citing *United States v. Munsingwear,* 340 U.S. 36, 39 (1950).

Counsel for Norton in her letter brief argued that the present appeal has become moot and that the appeal should be dismissed because it does not come within the exception to the general rule, i.e., it is not "capable of repetition, yet evading review."

Veritas, in its letter brief, stated that it had completed its work under the permit in the spring of 2003 and that thereafter it "decided not to conduct additional operations on the remaining seismic lines." It further stated that such being the case, the appeal should now be dismissed as being moot, citing *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997).

As we understand it, the parties agree that Veritas' NOI, and the BLM's approval thereof, have expired by their own terms, on October 4, 2004. Hence, the appeal would appear to be moot in the sense that we cannot undo the work already done by Veritas.

Notwithstanding, SUWA contends that its appeal is not moot because it comes within the +"capable of repetition, yet evading review" exception to the general rule. The defendants and intervenors argue that the present case does not come within that exception.

As concerns the mootness issue, in *Fischbach v. New Mexico Activities Ass'n,* 38 F.3d 1159, 1161 (10th Cir. 1994), we spoke as follows:

> An exception to the mootness doctrine arises in cases which are "capable of repetition, yet evading review." The NMAA urges that this exception applies to this case. To meet this exception, two conditions must be satisfied: "(1) the challenged action . . . [must be] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there . . . [must be] a reasonable expectation that the same complaining party . . . [will] be subjected to the action again." (Citations omitted.)

In our view, SUWA has not met the requirements of *Fischbach.* The fact that our opinion issued shortly after the expiration of the two year period does not necessarily mean that "the challenged action . . . [was] in its duration too short to be fully litigated prior to it's cessation or expiration." As far as we can tell from the present record, SUWA did not request any expedited hearing on the matter either in the district court or this Court. Further, in our view, there is no "reasonable expectation that the same complaining party . . . [will] be subjected to the action again." In this later regard, the Supreme Court in *Weinstein,* 423 U.S. at 149-149, stated that the exception to the mootness rule applies to cases where there is reasonable expectation that SUWA "will be

subjected to the same action again." That is not our case. *See Southern Utah Wilderness Alliance v. Smith,* 110 F.3d 724 (10th Cir. 1997).

As indicated, SUWA argues, alternatively, that if we determine that the present appeal is moot, we should then remand the case to the district court with directions that "the district court vacate that part of [its] decision that has been appealed." In this regard, the Supreme Court has stated:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.

*Munsingwear,* 340 U.S. at 39. *See also Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) ("It appearing, therefore, that the case is moot, the judgment of the court of appeals is vacated, and the case is remanded to the district court with instructions to dismiss the complaint."); *Jones v. Temmer,* 57 F.3d 921, 923 (10th Cir. 1995) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgement."); and *McClendon v. City of Albuquerque,* 100 F.3d 863, 868 (10th Cir. 1996) ("when causes beyond the appellant's control make a case moot pending appeal, a federal appellate court generally should vacate the judgment below and remand with a direction to dismiss.").

Appeal dismissed and the case is remanded to the district court with direction that

it vacate its order and judgment of August 22, 2003, and dismiss plaintiff's complaint.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge